HUDGINS *vs.* THE STATE OF GEORGIA.

1. The facts that two men ran up behind another, and that both struck
   him, and after he was wounded that they ran off leaving him alone
   in darkness at midnight, and that one of them, at least, used a
   weapon likely to produce death, with which he was stabbed, consti-
   tute sufficient evidence to authorize a charge touching conspiracy
   and concert of action on the part of both unlawfully to make an as-
   sault; and also a charge to the effect that if but one used the weapon
   likely to produce death, both would be guilty as principals in the
   first degree, of assault with intent to murder, if the jury were satis-
   fied from the evidence that both conspired and assaulted with the
   common intent to murder.
2. After verdict, to disqualify a juror who tried the case and swore
   that he had not formed and expressed an opinion, and had no bias
   or prejudice, and was perfectly impartial, there should be the affi-
   davits of at least two witnesses, or what is equivalent thereto,
   against such oath of the juror, otherwise it is but oath against oath,
   and the verdict will not be set aside on the ground of the incompe-
   tency of the juror.
3. Where the defendants severed on the trial, a new trial will not be
   granted on the ground of newly discovered evidence, when that evi-
   dence consists entirely of facts which the other defendant, not on
   trial, would be willing to swear after his own plea of guilty was
   filed, but which the defendant on trial did not before know that he
   would be willing to swear, the co-defendant being accessible and
   not being sworn at all on the trial, and the alleged newly discovered
   evidence consisting of facts in immediate connection with the as-

sault, and which must have been known to the defendant on trial before and at the time of trial.

4. The judge of the superior court may continue the trial of a defendant over to the next week, if necessary to complete it, although the Monday of the next week be the time set for the holding of the superior court in another county. In such case, the presumption is that the judge took steps legally to have the other court adjourned until his arrival at the court-house in that county.

5. The evidence is sufficient to authorize the verdict.

Charge of Court. Criminal law. Jurors. New trial. Practice in the Superior Court. Before Judge HILLYER. DeKalb Superior Court. March Term, 1878.

To the report contained in the opinion, it is only necessary to add the following :

The evidence made, in brief, the following case : Lucas, the prosecutor, had been to Atlanta, had become drunk, and been confined in the calabooose the afternoon before the affray. That night he went into a bar room in Decatur, and there met the defendant (James Hudgins), John Hudgins, and a negro ; they were also drinking. Lucas spoke to them, they chatted together, and " knocked around considerably" in company. John Hudgins bought some brandy for Lucas, and something was said as to the amount of money Lucas had. Lucas inquired where one Farmer and one Gordon lived, as he thought of spending the night at one or the other place. After eleven o'clock the party started out of town (Decatur); Lucas and John Hudgins locked arms and walked together ; defendant and the negro followed together. After a time, Lucas heard some one running up behind him ; on turning he found it to be defendant ; the latter ran upon him, with his arm drawn back, struck him with some hard substance, and felled him ; some one got on him and began to beat him ; at first he thought it was defendant, but soon saw it was the negro ; defendant stood by and looked on ; he shouted for help ; they withdrew, spoke together, and all ran off. Lucas did not at first know he was cut ; he discovered it by the flow

of blood. A knife was left sticking in him so firmly as to have penetrated the bone and to require considerable force to remove it. There was also a good deal of evidence as to the credibility of the witnesess, as to whether or not Lucas was drunk at the time of the affray, and as to general character.

The jury found defendant guilty; he moved for a new trial, which was refused, and he excepted.

L. J. Winn; H. Clay Jones, for plaintiff in error, cited as follows: Charge error, 8 *Ga.*, 408; 17 *Ib.*, 356; 20 *Ib.*, 681; 1 Greenleaf on Ev., §111; Rosc. Cr. Ev., 84. Conspiracy, what is, 21 *Ga.*, 221; 13 *Ib.*, 322; 31 *Ib.*, 236; 28 *Ib.*, 200. Juror incompetent, 5 *Ga.*, 86, 140; 10 *Ib.*, 25, 28; 19 *Ib.*, 103; 10 *Ib.*, 513, 527–529. New evidence, Code, §3716; 33 *Ga.*, 281, 288. Terms of court, rule as to, Code, §§3244, 3245. Judicial notice, Code, §3815; 43 Ala., 402; 4 Dev. (N. C.) L., 427. Cannot be two terms at once, Code, §§241, 3241; 42 Ala., 404; 42 Col., 397; 14 Fla., 523; 17 La. Ann., 253; 9 Port. (Ala.), 218; 5 Ind., 137; 1 Green (Iowa), 406; 2 *Ib.*, 559; 19 Iowa, 94; Peck (Tenn.), 82.

B. H. Hill, Jr., solicitor general, for the state, cited as follows: Conspiracy, 36 *Ga.*, 222; 21 *Ib.*, 221; 28 *Ib.*, 604; 1 Russell on Crimes, 47–49. Juror not shown incompetent by one affidavit, 19 *Ga.*, 103, 122; 58 *Ib.*, 296.

Jackson, Justice.

The defendant, with two others, was indicted for an assault with intent to murder. He was put on trial alone, convicted, and moved for a new trial on various grounds, which were overruled, and he excepted.

1. The first ground respects the charge, and is to the effect that the facts did not authorize the court to charge on the subject of a conspiracy and concert of action between the three, or two of the three, men who were indicted together. The facts, we think, authorized the charge. The

two men were together, they ran upon the prosecutor together, and assaulted him behind him, both struck him, one used a knife, the other probably some hard instrument, and both ran off together, leaving him about midnight in the darkness nearly dead, stabbed with the knife in several places, and the blade stuck in his back with such force as to adhere to the bone, and to require the best effort of a strong man, after several trials, to pull it out. The hand of one knocked him down, that of the other did the stabbing. If believed, these facts make a conspiracy or joint attempt to murder; and the credibility of the witnesses is for the jury. If the facts be true, both are guilty of the assault with intent to murder, no matter who actually stabbed; and the court was right to leave the common intent and conspiracy to the jury under the facts.

2. The next ground is that a juror was not impartial. The only evidence of it is his sayings to one person sworn to by him. He had sworn that he was perfectly impartial, and the rule is that one oath is as good as another. In 19 *Ga.*, 102, it was so ruled in a murder case, and where the expression of opinion was as strong as it is possible to make it. That case covers this all fours on this point.

3. The next ground relates to newly discovered testimony. It is the testimony of the accomplice, who, after his plea of guilty, was willing to testify that he did all the beating and stabbing, and that his co-defendant did none of it.

They severed; he could have been sworn on the trial. Hudgins knew what the facts were, because he was present at the assault, and all the newly discovered evidence that the co-defendant was ready now to swear to, occurred in Hudgins' presence. If these facts were true, why did he not swear him on the trial? The only reason is, that the co-defendant would have sworn a lie, if put up then until his own case was decided; if he would have sworn a lie then, there is no reason why he would not again. At all events, the defendant Hudgins ought to have had him sworn. The dis-

covery of the willingness of a witness to swear to what defendant knew that the witness knew, and when he was accessible and in court, is not the discovery of new testimony in the sense of the law, but merely of change of mind in the co-defendant. The main object of severing is to have the evidence of each for the other; and when it is not had if accessible, there is no diligence.

4. The court, not being able to complete the trial on Saturday night, adjourned to Monday; and Monday was the day fixed by law for Fulton court. The defendant says, as the court could not sit at two places at one time in one circuit, that it had no jurisdiction in DeKalb on Monday.

The reply is, that the judge is presumed to have had the clerk to adjourn Fulton court until he finished this case in DeKalb, as the law empowered to be done.

The practice has been in accordance with Judge HILLYER's course, time out of mind; and it would block the administration of the law in many cases, if it were otherwise. Cases sometimes take two or three days over the week allowed ordinarily for the court in one county, and the law and practice have ever been, so far as we know, to hold on to complete the unfinished case in the one county, and to adjourn the court in the other, under the statute, to await the arrival of the judge.

5. The evidence makes a very bad case against the negro who did the actual stabbing; and an ugly case against Hudgins, to say the least of it. The evidence is ample to convict both; and the jury having passed on the facts, and the judge presiding having sustained their finding, we are not at liberty under the law to interfere.

The trial was fair and the charge full and impartial.

Judgment affirmed.