## TURNER *v.* THE STATE.

1. The evidence was amply sufficient to sustain the finding that the defendant was guilty of the larceny with which he was charged.

2. After a verdict of guilty has been rendered in a criminal case, and application made for a new trial, the verdict should not be set aside on the ground that one of the jurors who tried the case, and who qualified himself on his voir dire, was, because of bias or prejudice against the defendant, disqualified, when only one witness testifies to facts tending to show that the disqualification existed. In such a case the oath of the juror that he had no prejudice or bias is not overcome by the simple oath of one other person, detailing facts from which such disqualification might be inferred. There must, in order to set aside a verdict on this ground, be other affirmative evidence, or, at least, extrinsic circumstances shown, before the falsity of the oath taken by the juror when he entered upon the consideration of the case is sufficiently shown to authorize the grant of a new trial on this ground.

3. In order that recent possession may be considered as a circumstance from which the guilt of one who is charged with a larceny may be inferred, it must be clearly shown that the goods found in the possession of the accused had been in fact stolen. But when a larceny has been clearly shown to have been committed, a charge to the jury that "it would be necessary

for you to find that the thing *alleged* to have been stolen was so recently in his possession immediately after the theft was *alleged* to have been committed, and was in his possession with his knowledge and consent," does not necessarily require that the verdict should be set aside. While the use of the word "alleged" was not, in this connection, strictly appropriate, the fact that the larceny was clearly proved was of itself sufficient to prevent the jury from being misled by the charge in question.

4. There was no error in the admission of evidence, nor in the charge, or failure to charge, of which complaint is made.

Argued June 18, — Decided July 11, 1900.

Indictment for larceny. Before Judge Bennet. Glynn superior court. December term, 1899.

*Courtland Symmes* and *Spencer R. Atkinson*, for plaintiff in error.

*John W. Bennett, solicitor-general,* and *D. W. Krauss*, contra.

LITTLE, J. Turner was indicted for the offense of simple larceny, the property which he was charged with stealing being a brindled cow of the value of fifty dollars, belonging to Mrs. McCullough. He pleaded not guilty, and on the issue formed a verdict of guilty was rendered against him. He made a motion for a new trial, which was overruled, and he excepted. His conviction rested on circumstantial evidence, and, for the purposes of this decision, no part of the evidence adduced is necessary to be reported in order that the points decided may be understood, except that which hereafter appears.

1. It is alleged that the verdict is contrary to law and without evidence to support it. While the evidence was circumstantial, it was very strong, well connected, and pointed with almost unerring certainty to the guilt of the accused. The larceny of the cow described in the bill of indictment was so clearly shown as to admit of no doubt. It was shown on the part of the State that the defendant was seen driving a cow, answering in all respects to the description of the stolen animal, from the direction of the place where she must have been stolen, and towards his slaughter-pen. In addition, it was further shown that the hide and horns of the stolen cow were found at the slaughter-pen of the accused within a short time after he was seen driving the cow. Other circumstances tended to strengthen the chain of evidence, which excluded every other hypothesis

but that of the guilt of the defendant. The evidence fully warranted the verdict of guilty.

2. Another ground of the motion is, that one of the jurors who qualified himself, and was sworn and acted on the trial of the case, was not in truth and in fact free from bias or prejudice against the defendant, and that the mind of this juror was not perfectly impartial between the State and the accused at the time when he qualified and when as a juror he participated in the trial of the case and the return of the verdict, because the said juror, Parker, bore ill feeling against the defendant previously to the trial and had openly stated and told one Strickland that the accused had stolen a cow from him in the year 1898, which prejudice and disqualification to serve as a juror was unknown to the accused and his counsel at the time he was accepted and sworn as a juror. This ground of the motion is supported by the affidavit of Strickland alone, and the question whether Parker was disqualified was left to be determined by the trial judge on this affidavit. He decided against the existence of the disqualification, and, in doing so, was amply supported under the rule heretofore laid down by this court, which is, that, after verdict, to disqualify a juror who tried the case and who swore that he had not formed and expressed an opinion, and had no bias or prejudice, and was perfectly impartial, there should be the affidavit at least of two witnesses, or that which is the equivalent thereof, against such oath of the juror; otherwise, it is but oath against oath, and the verdict will not be set aside on the ground of the incompetency of the juror. *Hudgins* v. *State*, 61 *Ga.* 182; *Fogarty* v. *State*, 80 *Ga.* 464; *Hackett* v. *State*, 108 *Ga.* 40. There was no error, therefore, in overruling the motion for new trial on this ground.

3. Error is alleged to that part of the charge which was given to the jury in the following language: "Among the other circumstances which the State claims that it has proved in this case, it contends that this defendant was found in the possession of the hide and horns of the animal alleged to have been stolen, and they have introduced in evidence what they contend is the hide and horns of cow alleged to have been stolen. The court charges you, in reference to them, that recent possession of a thing alleged to have been stolen may be considered

by you along with other evidence in the case; but, before you would be authorized to consider such recent possession as an in-culpating circumstance against the defendant, it would be necessary for you to find that the thing alleged to have been stolen was so recently in his possession immediately after the theft was alleged to have been committed and was in his possession with his knowledge and consent." Among the objections urged to this charge, one is that it directed the jury that they might con-sider as a circumstance of guilt the recent possession of a thing alleged to have been stolen, whereas they should have been in-structed that they might consider such possession of stolen property as a circumstance of guilt. It is freely conceded that the word "alleged," as used in the latter part of this charge, was not happy. This court, in the case of *Brooks* v. *State*, 96 *Ga.* 353, called attention to a well-recognized principle when it said that no presumption of guilt arises from the mere possession by the accused of goods alleged to have been stolen from the premises at the time of the commission of a burglary, unless the goods were shown to have been in fact stolen therefrom and the accused is found recently thereafter in the possession of them. In such a case two things must concur: it must be shown that at the time the alleged burglary was committed the goods were taken from the house which was broken, and it must be shown that recently thereafter they were found in the possession of the defendant. It is not the recent possession of goods that might have been in the storehouse, but the recent possession of goods shown to have been stolen therefrom at the time the burglary was committed, which affords the presumption upon which the guilt of the possessor of the stolen goods may be inferred. It was alleged in the bill of indictment in the present case that the accused stole a certain described cow. He denied the charge. It was, therefore, incumbent upon the State to prove by satis-factory evidence, as a starting-point in its case, the fact that the cow was stolen. This fact was made to appear very clearly by the evidence, even if it was a contested fact during the trial of the case. The truth of the allegation that he stole the cow was the only point that he strenuously contested. The language of the charge may be open to the criticism that by implication the judge meant to convey to the jury the idea that they might

consider the fact that a larceny was alleged, and the fact that the accused was in recent possession of property alleged to have been stolen, as an inculpating circumstance against him. It is to be noted, however, that the judge did not affirmatively say they might do this. What he did tell the jury was, that they could not consider these things against the accused, unless the possession was recent. It is evident that recent possession was the idea most prominent in the mind of the judge at the time the charge was given, and that his real purpose was to caution the jury that, unless the possession was recent, the fact of possession could not count against the accused. The evidence being conclusive that a larceny was committed by some one, we do not think that the jury could have been misled by the use of the word "alleged" in the concluding portion of the extract from the charge of which complaint was made, and therefore think that this inaccuracy should not be held as ground for a new trial.

4. After a careful examination of the other grounds of the motion, we are of the opinion that the court did not err in the admission of evidence, as to which complaint is made, nor in his charge or failure to charge as set out in the other grounds of the motion.

*Judgment affirmed. All the Justices concurring.*