## COGGESHALL *et al. v.* PARK, Judge.

PER CURIAM. 1. Extraordinary motions for new trial are not favored. *Perry* v. *State,* 117 *Ga.* 719 (45 S. E. 77); *Norman* v. *Goode,* 121 *Ga.* 449 (40 S. E. 268); *Burge* v. *State,* 133 *Ga.* 431 (66 S. E. 243); *Bass* v. *State,* 154 *Ga.* 112, 115 (113 S. E. 524).

Criminal Law, 16 C. J. p. 1191, n. 7; p. 1195, n. 27; p. 1199, n. 56; p. 1201, n. 63; p. 1212, n. 58; p. 1217, n. 33 New, 40; p. 1243, n. 56; p. 1251, n. 23 New; 17 C. J. p. 144, n. 34.

2. The extraordinary motions for new trials contemplated by our statute are such as do not ordinarily occur in the transaction of human affairs, as when a man has been convicted of murder, and it afterwards appears that the supposed deceased is still alive, or where one is convicted on the testimony of a witness who is subsequently found guilty of perjury in giving that testimony, or where there has been some providential cause, and cases of like character. *Malone* v. *Hopkins*, 49 *Ga.* 221; *Cox* v. *Hillyer*, 65 *Ga.* 57; *Harris* v. *Roan*, 119 *Ga.* 379 (46 S. E. 433); *Wheeler* v. *State*, 149 *Ga.* 473 (100 S. E. 568); *Harris* v. *State*, 150 *Ga.* 680, 682 (104 S. E. 902).

3. To disqualify a juror who tried the case and swore that he had not formed and expressed an opinion, and had no bias or prejudice, and was perfectly impartial, there should be the affidavits of at least two witnesses, or what is equivalent thereto, against such oath of the juror, otherwise it is but oath against oath, and the verdict will not be set aside on the ground of the incompetency of the juror. *Epps* v. *State*, 19 *Ga.* 102; *Hudgins* v. *State*, 61 *Ga.* 182; *Dumas* v. *State*, 63 *Ga.* 600; *Fogarty* v. *State*, 80 *Ga.* 450, 464 (5 S. E. 782); *Myers* v. *State*, 97 *Ga.* 76, 96 (25 S. E. 252); *Sumner* v. *State*, 109 *Ga.* 142 (3) (34 S. E. 293); *Turner* v. *State*, 111 *Ga.* 217 (2) (36 S. E. 686); *Crawley* v. *State*, 151 *Ga.* 818 (2 *a*) (108 S. E. 238, 18 A. L. R. 368). In *Myers* v. *State*, supra, this court said that the above rule "has now become established as one of the fixed rules of procedure of force in the courts of this State; and it rests on the theory that the oath of the juror, in response to the affidavit thus filed, or the oath of the juror in response to the questions propounded on the *voir dire* in which he qualifies himself, being opposed to that of the witness against him, it is a case of oath against oath, and the presumption in favor of the verdict is sufficient to turn the scale, or at least to sustain the exercise of a discretion by the presiding judge in upholding the verdict." In *Sumner* v. *State*, supra, this court said: "When a new trial of a criminal case is asked on the ground that one of the jurors who tried the case was not a fair and impartial juror, and in support of such ground an affidavit of only one person is presented tending to show that prior to the trial the juror made statements showing that he was prejudiced against the defendant, a new trial, without more, will not be ordered. The juror, having qualified on his voir dire, is to be presumed to have rightly done so until the contrary is shown by more than one witness."

4. Alleged newly discovered evidence which by the exercise of ordinary diligence could have been discovered in time for use upon the trial of the defendants furnishes no ground for the grant of a new trial. *Bass* v. *State*, supra.

5. New evidence, which is merely cumulative in character, is not a ground for an extraordinary motion. To warrant a motion there would have to be some circumstance or fact of unusual character, not ordinary in its nature, that delayed or prevented the discovery of the evidence. *Puryear* v. *State*, 66 *Ga.* 753; *Harris* v. *Roan*, supra.

6. This court will not by mandamus compel a judge to certify a bill of exceptions assigning error upon his refusal to entertain an extraordinary motion for new trial and grant a rule nisi thereon, when it appears that such motion is without merit. *Malone* v. *Hopkins*, *Cox* v. *Hillyer*,

supra; *Hanye* v. *Candler*, 99 *Ga.* 214 (25 S. E. 606); *Perry* v. *State*, 102 *Ga.* 368 (30 S. E. 903); *White* v. *Butt*, 102 *Ga.* 552 (27 S. E. 680); *Harris* v. *Roan*, supra; *S. A. L. Ry.* v. *Reid*, 6 *Ga. App.* 18 (63 S. E. 1130).

7. Applying the above principles, the court did not err in refusing to entertain the extraordinary motion for new trial, because the same was without merit. Assuming the facts therein stated to be true, the trial judge, under settled principles of law, would not have been authorized to grant a new trial.

(a) The alleged newly discovered evidence upon which the plaintiffs rely to disqualify the juror Pennington rests upon the single affidavit of Hempstead. This evidence would be insufficient, under the principle announced above in the third headnote, to require the grant of a new trial.

(b) By the exercise of ordinary diligence the defendants could have discovered the alleged newly discovered evidence of J. W. Murphy and of Z. M. McCart. If the defendants had been at the place of business of Murphy on March 3, 1925, between 4 and 4:30 o'clock p. m., and had bought sandwiches and soft drinks from this witness on that occasion, they certainly knew these facts before their trial, and by the exercise of ordinary diligence could have discovered this witness and procured his testimony on their trial. Furthermore, this witness is now dead, and his affidavit could not be used on another trial of this case. *Fender* v. *Ramsey*, 131 *Ga.* 440 (62 S. E. 527).

(c) If these defendants, on the morning of March 4, 1925, between eight and nine o'clock, were on the public highway between Ingleside and Clarkston, on the Stone Mountain Highway, and were taken up by Z. M. McCart on the truck which he was then and there driving, and if they traveled the Stone Mountain Road with McCart on his truck to Stone Mountain, from Stone Mountain to Snellville, to Grayson and Loganville, and on the way from Stone Mountain to Loganville McCart had tire trouble, twice, and these defendants assisted him in fixing these punctures, and had ample opportunity to thus become acquainted with McCart, they certainly knew these facts, and by the exercise of ordinary diligence could have discovered the whereabouts of McCart, and could have procured his testimony on their trial.

(d) For the above reasons, the extraordinary motion for new trial was without merit, and the trial judge did not err in refusing to entertain the motion. For this reason this court will not grant a mandamus absolute compelling him to certify the bill of exceptions in which error is assigned solely on his refusal to entertain such extraordinary motion for new trial.

8. In all cases of extraordinary motions for new trial, twenty days notice shall be given to the opposite party. Penal Code, § 1091. The notice required by this section of the Code "relates to the time when the party (having at term regularly moved his rule nisi) shall apply for his rule absolute," and is complied with when the opposite party is served with the copy of the motion for new trial and the rule nisi issuing thereon twenty days before the time at which the hearing is to be had under the rule nisi. *Graddy* v. *Hightower*, 1 *Ga.* 252, 256.

(a) The rule nisi may be moved for without previous notice. The statute has reference to the term or time when a rule absolute is asked, or to

the term or time when the rule nisi is asked to be made absolute. The idea is that the rule nisi will be applied for in term time, and notice given of the time of the hearing, and place, to the adverse party twenty days before the rule nisi is made absolute. *Gauldin* v. *Crawford,* 30 *Ga.* 674, 677; *Crawley* v. *State,* supra.

(*b*) It follows that the judge erred in holding that under this section the defendants had to give twenty days notice of their intention to file their extraordinary motion for new trial; but under the principles above ruled, this error does not require the grant of a mandamus absolute.

*Mandamus absolute refused.   All the Justices concur.*

No. 5352.   MARCH 23, 1926.

Original application for mandamus.

Coggeshall and McClellan were indicted for the murder of Prof. Wright, near Eatonton, in Putnam County, on March 4, 1925, and were convicted. They made separate motions for new trial, which were overruled; and to these judgments they excepted; and each brought his case to this court upon a separate writ of error to review the judgment refusing his motion for new trial. The judgments of the lower court were affirmed. *Coggeshall* v. *State,* 161 *Ga.* 259 (131 S. E. 57); *McClellan* v. *State,* 161 *Ga.* 269 (131 S. E. 62). Thereafter, on March 15, 1926, they made application to the superior court of Putnam County, before Hon. J. B. Park, judge of said court, for leave to file in said court an extraordinary motion for new trial. This motion for new trial is based upon the grounds: (1) that L. M. Pennington, one of the jurors who tried their case and returned a verdict finding them guilty, without a recommendation, had, in the office of Frank Hempstead, in the City of Atlanta, on April 29, 1925, made the remark that movants "ought to be hung," for which reason said Pennington was biased and prejudiced against movants and was not an impartial juror, and that for this reason movants did not have a fair and impartial trial; and (2) on the ground of the discovery of certain new evidence which supported their defense of alibi.

In support of the first-mentioned ground the movants attach to the motion an affidavit of Frank Hempstead, in which he swears that said juror made the above remark to him under the circumstances before recited, and in a conversation in which said juror was discussing the case of the defendants then pending in Putnam superior court. Two witnesses testify that Hempstead is a man of good character and is worthy of credit. In support of the other ground the movants attach to the motion the following: (a) The

affidavit of Z. M. McCart, in which he swears that on the morning of March 4, 1925, he started to the home of his mother, who lives with his brother near Monroe, Georgia; that some time between eight and nine o'clock on that morning, while he was on the public highway between Ingleside and Clarkston, on the Stone Mountain Highway, three young men hailed him and asked for a ride; that he was driving a truck, and he stopped and picked them up; that he traveled the Stone Mountain road to Stone Mountain, from Stone Mountain to Snellville, Grayson, and Loganville; that on the way from Stone Mountain to Loganville he had tire trouble twice; that these young men assisted him in fixing these punctures; that he had ample opportunity on the way.over there to notice them particularly; and that he is certain that the defendants are two of the young men whom he picked up on the road as above stated. One witness testifies that McCart is a man of good character and is worthy of belief. (b) The affidavit of J. W. Murphy, in which he deposes that a few days after the newspapers carried stories of the murder of Prof. Wright at Eatonton, Georgia, on March 4, 1925, he noticed in one of the Atlanta newspapers pictures of three young men who had been arrested charged with the crime; that he immediately recognized the pictures as photographs of three young men who had been in his store near Hampton, Georgia, a few days prior to that time; that these men had bought some sandwiches and soft drinks; that two of them had exchanged sweaters on the porch of his store; that he saw the photographs of the boys on trial, and was positive that they were the same ones who had been in his store; that he noticed in the newspapers that the boys were convicted of murder; that he thought of the matter a good deal for several weeks after the trial, and on one occasion later, when he was in Atlanta, he sought out Mr. Howard, one of the attorneys in the case, and told him what, is above stated; that in about ten days Mr. Howard asked him to go to Macon to see Coggeshall and McClellan, who had been convicted of the murder, along with Scarborough, for the purpose of seeing whether he could positively identify these boys; that on December 14, 1925, he visited the Macon jail and saw Coggeshall and McClellan, and he is positive that they are the two boys who were in his store at Hampton the day before Prof. Wright was killed; that he has not seen Scarborough personally, but, judging

from his photograph which was in the papers, he is absolutely sure he was the third man. Two witnesses deposed to the good character and credibility of Murphy. Murphy has since died.

The defendants and their attorneys depose that they did not know of the newly discovered evidence as above set out, prior to their trial, and could not by the exercise of ordinary diligence have discovered the same.

The trial judge declined to permit the movants to file their extraordinary motion for new trial, and refused to issue a rule nisi. To this judgment the movants excepted, and presented to the judge their bill of exceptions in which they assigned error upon such judgment. The trial judge refused to certify their bill of exceptions. Thereupon movants applied to this court for a mandamus nisi, calling upon the judge to show cause why he should not be compelled by a mandamus absolute to certify their bill of exceptions. In answer to the mandamus nisi the trial judge states that he refused to permit the movants to file their extraordinary motion for new trial and to issue a rule nisi thereon, and to certify the bill of exceptions in which movants assign error upon his judgment refusing to entertain their extraordinary motion for new trial, on the grounds: (a) that twenty days notice had not been given the solicitor-general of movants' intention to file said extraordinary motion for new trial; (b) that the newly discovered evidence of J. W. Murphy and Z. M. McCart was evidence merely cumulative of the defense of alibi that was made by the defendants when said case was tried during the month of May, 1925; and that by the exercise of diligence movants could have procured this evidence prior to their trial and conviction; (c) that movants rely solely upon the evidence of Frank Hempstead to establish the bias and prejudice of the juror Pennington, and the evidence of only one person is insufficient to overcome the answer of the said juror to the voir dire questions propounded to him before he was accepted as a juror; and (d) that for the above reasons the extraordinary motion for new trial was entirely without merit, and that for this reason mandamus should not issue to compel the trial judge to certify a bill of exceptions assigning error upon the refusal of the judge to entertain an extraordinary motion for new trial and to grant a rule nisi thereon, when it appears that such motion is without merit.

On the trial of the case the State contended that the defendants traveled from Macon to Eatonton, and thence along the highway leading from Eatonton to Athens; and introduced evidence in support of this contention. The defendants set up, among other things, the defense of alibi, and introduced a number of witnesses who testified to having seen them at different points along the highway leading from Macon to Atlanta, and from Atlanta to Athens, by way of Grayson and Monroe.

*Allen & Pottle* and *Branch & Howard,* for the applicants.