## GUTHAS *v.* GUTHAS.

No. 17165. July 12, 1950.

*Wesley G. Bailey,* for plaintiff in error.
*Frank A. Bowers,* contra.

ALMAND, Justice. On September 25, 1949, Minnie Lillian Smith Guthas obtained a final decree against Joe Guthas, grant-

ing a total divorce between the parties, and permanent alimony to the plaintiff. On February 20, 1950, Joe Guthas filed a written motion to set aside the decree, on the ground that the plaintiff's petition, upon which the decree was based, failed to set forth any cause of action upon which the judgment could be rendered. On the hearing the judge entered an order refusing to set the judgment aside, and the exception is to that order.

The plaintiff's petition, upon which the judgment was based, shows jurisdiction of the parties; alleges that the plaintiff and the defendant were married, and that the plaintiff separated from the defendant on a named date because of his cruel treatment. The acts of cruelty alleged were: that he nagged and fussed at the plaintiff until she was a nervous wreck; that he struck her on a few occasions, possesses an ill and ungovernable temper, and made her life miserable by fits of temper and rage; and that he did not furnish her with the necessities of life. The petition alleged what property was owned by the plaintiff and what property was owned by the defendant. It prayed that a total divorce be granted, and permanent alimony, and for an award of the defendant's equity in his real estate, and for injunction.

The petition contained no allegation that the defendant's acts of cruelty were wilfully and intentionally inflicted on her, nor that such acts amounted to physical or mental suffering. However, these allegations could have been added by amendment, and these defects in the petition were cured by the final decree. This case falls squarely within the provisions of Code § 110-705, which provides: "A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form."

*Judgment affirmed. All the Justices concur.*