ODOM *v.* ODOM.

No. 18022.   Argued November 12, 1952—Decided January 12, 1953.

452

*Gowen, Conyers, Fendig & Dickey,* for plaintiff in error.
*V. E. Mitchell* and *Colon J. Cogdell,* contra.

WYATT, Justice. A petition to set aside or modify a judgment in a divorce case must be based upon "good and sufficient grounds" which must meet the requirements for a new trial in

substance and form. See Code (Ann. Supp.), § 30-101; and *Carnegie* v. *Carnegie,* 206 *Ga.* 77 (55 S. E. 2d, 583), and cases there cited. The motion to set aside in the instant case is based upon the sole ground that the trial judge erroneously denied a motion, which was based upon the illness of the defendant, to continue the case when it was called for trial. Such a motion to continue must be supported by an affidavit of the attending physician, or like evidence, and must state that the condition of the party is such as to prevent his attendance in court. *Pope* v. *U. S. Fidelity & Guaranty Co.,* 200 *Ga.* 69 (35 S. E. 2d, 899). Statement of counsel to the effect that his client is ill and unable to appear in court, or a letter written by a party to his counsel, or a letter from a party to his attorney is not a sufficient showing to entitle one to a continuance on account of illness. See *Mosley* v. *Bridges,* 65 *Ga. App.* 64 (15 S. E. 2d, 260); *O'Barr* v. *Alexander,* 37 *Ga.* 195; *McElveen Commission Co.* v. *Jackson,* 94 *Ga.* 549 (20 S. E. 428).

No affidavit was submitted to the court in the instant case. It is insisted, however, that if, in a motion to set aside a judgment in a divorce case, it is shown that the party and her attorneys exercised reasonable care and diligence to get an affidavit of illness before the court but failed to do so, they are entitled to have said judgment set aside. Admitting the correctness of this proposition, it is not shown in the motion to set aside in the instant case that reasonable care and diligence were exercised..

The motion states that the case was set for trial on July 17, 1952, and that the defendant became ill on July 8, 1952. The motion further states that, "As soon after being placed in the hospital as petitioner could," she contacted her New Orleans attorneys. It does not appear how soon she became able to contact her New Orleans attorneys or when she contacted her New Orleans attorneys. It does appear, however, that on July 15, 1952, the petitioner asked the hospital authorities to prepare and send by air mail to Gowen, Conyers, Fendig & Dickey an affidavit, which it is alleged was in time to have reached Brunswick, Georgia, by the morning of July 17, 1952. It is then alleged that the said hospital authorities failed to send the affidavit until July 16, 1952, and that they sent it by regular mail

with the result that it did not reach Brunswick until July 19, 1952, after the trial had been completed.

These allegations show on their face a failure to exercise the care and diligence required to entitle a party to a continuance on account of illness. The allegation that, "as soon after being placed in the hospital as petitioner could," she contacted her New Orleans attorneys, without any allegation as to what her condition was that prevented her from contacting her attorneys and as to when this condition disappeared and as to when she contacted her attorneys, is not a sufficient allegation of diligence on the part of the petitioner. Nor is the allegation that she asked the hospital authorities to prepare and send by air mail an affidavit to her attorneys in Brunswick, Georgia, an allegation showing the required care and diligence. The reasonable care and diligence which was required would demand that the petitioner or her attorneys secure the affidavit from the attending physician and themselves send it in a manner calculated to reach its destination in time to be presented to the trial judge on the call of the case. This they failed to do, but left it to the hospital authorities to mail the affidavit, which they failed to do at the time and in the manner suggested by the petitioner.

It follows that, since no affidavit was produced on the call of the case and since the motion to set aside the judgment does not show that the petitioner and her attorneys exercised due care and diligence in attempting to procure such an affidavit, it was not error to sustain the general demurrer and dismiss the motion to set aside.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*