HARPER *v.* MAYES, administratrix, *et al.*

WYATT, Justice. This proceeding seeks to set aside a verdict and judgment, on the ground that when same was rendered, the plaintiff in error herein, who was then the defendant, was sick and unable to attend court. It is further alleged that counsel who was employed to repre-

sent the plaintiff in error, after filing an answer and demurrer, withdrew from the case, and by reason of his inability to secure other counsel, the plaintiff in error was not represented when the verdict and judgment was rendered. He further contends that the demurrer was set down for hearing and the case assigned for trial without the knowledge of the plaintiff in error and without any notice to him. A general demurrer to the petition was sustained, and the exception here is to that judgment. *Held:*

This court has repeatedly held that, when a suit in equity seeks to set aside a judgment on account of the illness of the defendant in the case in which the judgment is rendered, it must appear not only that the party was sick, but that he was also unable to notify the court of his condition. See *Sims* v. *Sims,* 135 *Ga.* 439 (69 S. E. 545); *McCall* v. *Miller,* 120 *Ga.* 262 (47 S. E. 920); *Blanch* v. *King,* 202 *Ga.* 779 (44 S. E. 2d, 779); and *Odom* v. *Odom,* 209 *Ga.* 451 (74 S. E. 2d, 1). In the instant case, the petition affirmatively shows that the plaintiff in error made repeated trips to the courthouse during the pendency of the suit, but does not show that he at any time by letter or otherwise attempted to notify the court of his condition. It further appears that copies of the stipulations for the hearing in the case, both on the demurrer and when the case was assigned for trial, were filed as a part of the record in the case and could, of course, have been discovered by an examination of the file in the clerk's office. It follows, the petition was fatally defective and was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18046. Argued January 14, 1953—Decided February 24, 1953.

*William A. Thomas,* for plaintiff in error.

*Ralph R. Quillian* and *Wilbur B. Nall,* contra.