18332. HARPER *v.* MAYES, Executrix.

HAWKINS, Justice. In an equitable suit filed against Elmer Wayne Harper on August 5, 1949, a verdict was rendered against him on June 6, 1951, and a judgment and decree entered therein on June 7, 1951. Harper presented the present proceeding as an extraordinary motion for new trial, upon which a rule nisi issued, and it was filed on April 17, 1953, based upon the grounds: (1) that "the verdict is contrary to the truth and is without evidence to support it," movant contending that the evidence as shown by the brief thereof attached to the motion as Exhibit AA was "false, fraudulent and perjured and untrue"; and (2) that "the verdict is contrary to law and principles of justice and equity as shown by Exhibit A-1 and attachments thereto," because the original affidavit of verification attached to the original petition in the case is a forgery; and (3) because the defendant had a good defense to the suit, which he was prevented from making because of illness at the time of trial. To the judgment denying this motion the plaintiff in error excepts. *Held:*

1. "Extraordinary motions for new trial are not favored." *Coggeshall* v. *Park,* 162 *Ga.* 78 (1) (132 S. E. 632).

2. "The extraordinary motions for new trials contemplated by our statute are such as do not ordinarily occur in the transaction of human affairs, as when a man has been convicted of murder, and it afterwards appears that the supposed deceased is still alive, or where one is convicted on the testimony of a witness who is subsequently found guilty of perjury in giving that testimony, or where there has been some providential cause, and cases of like character." *Coggeshall* v. *Park,* 162 *Ga.* 78 (2) supra, and cases there cited. And such an extraordinary state of facts must have been unknown to the movant or his counsel at the time when an ordinary motion for a new trial could have been filed, and must have been impossible to ascertain by the exercise of proper diligence for that purpose. See *Malone* v. *Hopkins,* 49 *Ga.* 221. Since there has been no conviction for perjury of the persons giving the testimony upon which the verdict against the movant is based, and all of the facts alleged in the first and third grounds of the motion were known to the movant at a time when an ordinary motion for a new trial could have been filed, these grounds of the present motion are without merit. Code § 110-706.

3. While Code § 81-110 requires that petitions for extraordinary equitable relief shall be verified positively by the petitioner or supported by other satisfactory proof, an improper or insufficient verification of such a petition is an amendable defect (Code § 81-1301; *Byrd* v. *Prudential Ins. Co.,* 185 *Ga.* 310, 195 S. E. 403; *Beall* v. *Francis,* 163 *Ga.* 894, 137 S. E.

251; *Pratt* v. *Rosa Jarmulowsky Co.*, 177 *Ga.* 522 (1), 170 S. E. 365), and no judgment may be set aside for a defect in the pleadings which is amendable. Code § 110-705. Such amendable defects are cured by verdict and judgment (*Augusta & Summerville R. Co.* v. *Renz*, 55 *Ga.* 126 (3); *Sanders* v. *Houston Guano &c. Co.*, 107 *Ga.* 49 (3d), 32 S. E. 610; *Stowers* v. *Harris*, 194 *Ga.* 636, 22 S. E. 2d 405; *Guthas* v. *Guthas*, 207 *Ga.* 177, 60 S. E. 2d 370); and it is too late after final judgment to object to an equitable petition because it was not duly verified. *Union Lumber Co.* v. *Allen & Holmes*, 114 *Ga.* 346 (40 S. E. 231).

4. The fact that the trial judge orders that an extraordinary motion for new trial be filed, and grants a rule nisi thereon, does not amount to an adjudication that the motion is good in law as an extraordinary motion, or estop the judge upon the hearing from overruling it because it was not good as such a motion, and could not be legally entertained as such. *Fambles* v. *State*, 97 *Ga.* 625 (25 S. E. 365).

5. This is the fourth appearance of some phases of this litigation in this court. *Harper* v. *Mayes*, 208 *Ga.* 766 (69 S. E. 2d 573); s. c., 209 *Ga.* 361 (72 S. E. 2d 710); s. c., 209 *Ga.* 571 (74 S. E. 2d 866). While counsel for the plaintiff in error has been most persistent and energetic in his efforts to secure some relief for his client, unfortunately for him, as will appear from an examination of the various records in this court, his client lost his case before present counsel was employed.

6. Applying the foregoing rulings to the facts of this case, the trial judge did not err in denying the "extraordinary motion" and in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

Argued September 16, 1953—Decided October 14, 1953—Rehearing denied November 12, 1953.

*William A. Thomas*, for plaintiff in error.

*Ralph R. Quillian*, contra.