24220. DYAL v. DYAL, Administratrix.

NICHOLS, Justice. Milton Dyal filed a petition for divorce against Hazel McCormack Dyal in which he alleged "cruel treatment" because the defendant refused to live with him in his home in Surrency, Ga., but instead lived in her home in Baxley, Ga., although she knew that it was necessary for him to live in Surrency to be near his work and business. The defendant filed an answer and demurrers to such petition but later withdrew the answer. The demurrers were not passed upon. On June 10, 1965, a final judgment granting the plain-

tiff's prayers was rendered and alimony was awarded the wife in accordance with an agreement between the parties. On October 11, 1966, Milton Dyal died and thereafter, in April 1967, the defendant filed a "motion to set aside" the final judgment in the divorce case in which she named the decedent's temporary administratrix as defendant. The temporary administratrix's demurrers to the "motion to set aside" were sustained and it is from this judgment adverse to her that the defendant in the original divorce action appeals. *Held:*

1. While a deposition of the deceased plaintiff is shown in the record, there is no brief or transcript of the evidence adduced at the hearing wherein the divorce decree was entered. Therefore, the "motion to set aside" is defective as a motion for new trial (see *Crenshaw v. Crenshaw,* 198 Ga. 536 (32 SE2d 177) and citations) and must be construed as a motion to set aside the decree as being void because of a defect not amendable appearing on the face of the record. The face of the record does not include depositions filed for use in the trial of the case. See *White v. Newton Mfg. Co.,* 38 Ga. 587, 593 (3); *Adams v. Morgan,* 114 Ga. App. 180 (150 SE2d 556), and citations.

2. The petition in the present case alleges all necessary facts to give the trial court jurisdiction of the parties and subject matter and assuming the ground of cruel treatment alleged "refusal to live in the plaintiff's home" was insufficiently pled it was not a defect not amendable. See *Guthas v. Guthas,* 207 Ga. 177 (60 SE2d 370); *Cash v. Cash,* 177 Ga. 47 (169 SE 311). The alleged defect in the petition, being amendable, was cured by judgment. See *Zachary v. Zachary,* 141 Ga. 404 (1) (81 SE 120); *Davis v. Bray,* 119 Ga. 220, 224 (46 SE 90).

The failure to rule on the defendant's demurrers to the plaintiff's petition before final judgment is not a ground to set aside the decree (see *Conway v. Gower,* 208 Ga. 348 (66 SE2d 740)), and the judgment sustaining the demurrers to the motion to set aside the divorce decree was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1967—DECIDED SEPTEMBER 21, 1967.

*Schreiber & Rozier, C. Edwin Rozier,* for appellant.
*Anthony A. Alaimo, Peyton Miles,* for appellee.