CALHOUN *et al. vs.* MARSHALL, trustee.

Upon a contract to pay interest annually on the 15th of May, the interest so promised may be sued for and recovered without regard to the time when the principal debt falls due ; and upon such annual interest so promised to be paid, interest is due and collectible from the time the annual installment of interest should have been paid up to the time payment was actually made.

Contracts. Interest and usury Before Judge McCUTCHEN. Bartow Superior Court. January Term, 1878.

Marshall, trustee, (the assignee of the original payee) proceeded to foreclose a mortgage made to secure three notes all of the following form, and differing only in amounts and dates :

"$9,000.00. We, or either of us, promise to pay J. W. W. Marshall, or order, the sum of nine thousand dollars ($9,000.00) for value received, in

Calhoun *et al.* *vs.* Marshall, trustee.

three equal annual installments ; the first payment of three thousand dollars ($3,000.00) to be due on or before the 15th day of May, 1870 ; the second payment of three thousand dollars ($3,000.00) to be due on or before the 15th day of May, 1871 ; the third payment of three thousand dollars ($3,000.00) to be due on or before the 15th day of May, 1872, with interest payable annually from the 15th day of May, 1869. Witness our hands and seals this 19th day of June, 1869.

(Signed)                            J. J. CALHOUN,
                                        W. C. SAYRE."

By consent, the case was submitted to the court without a jury. He held that interest became due, annually, on May 15, and itself bore interest from that time; and gave judgment accordingly. Defendants excepted.

A. JOHNSON, for plaintiffs in error, cited 8 Mass., 455; 2 Cush., 92; 10 Leigh, 481-484; 1 Binney, 165; 13 Met., 65.

DABNEY & FOUCHE, for defendant, cited 37 *Ga.*, 390; 9 Iowa, 328; 1 N. H., 179; 2 Nott & McC., 38; 2 Hill, (S. C.) 408; 3 Richardson, 125; 3 Gill., 459; Cam. & Nor., (N. C.) 357.

JACKSON, Justice.

The sole question made by this record is whether notes, the interest on which was made due and payable annually at a certain date each year, bore interest upon the annual interest so due, as well as upon the original principal on the final calculation of balance due on said notes.

Our Code, §2056, provides that "all liquidated demands, where, by agreement or otherwise, the sum to be paid is fixed or certain, bear interest from the time the party is liable and bound to pay them." These annual sums for interest are fixed and certain, and the party was bound to pay them on the 15th of May each year; so that the liability for interest is within the words of the act. If notes for this annual interest had been separately given, they could have been sued for and recovered separately from the principal; and such notes would have borne

Calhoun *et al vs.* Marshall, trustee.

interest. What difference can it make that the same contract is as clearly expressed in the same paper where the promise is also made to pay the principal debt at a time certain ? Suit could have been brought for the interest on the 15th of May of each year as well on these as on separate notes : and the notes which contained a promise to pay the principal debt at a certain date, and this annual interest in May, would have been evidence of the promise to pay the interest then, just as certain and complete as if promised in a separate note.    There can be no difference in principle.

In *Scott vs. Saffold,* 37 *Ga.,* 384, it was held in effect that a contract which contained the words, " interest to be paid annually at 10 per cent, otherwise counted as principal " was good, and that interest upon the annual interest arising under said contract was collectible.

That case is like this, except that the words " otherwise counted as principal " are not in the notes here sued on ; but the legal effect of the two contracts is the same. The promise to pay a sum certain at a certain time is as distinct in the one as in the other case, and the effect of that promise, to-wit : to bear interest if not paid, is as complete in the case at bar as in the case in the 37th.

A man might give another a note for ten thousand dollars payable at the end of ten years, with interest payable annually, and yet refuse to pay any interest at all as it fell due, would it be right, when the final accounting came, to let him profit by not keeping his promise to pay the interest annually ?    Could not the payee sue for the interest every year and recover it ?    And would not the payee be entitled to recover interest from the time each  installment fell due, up to the time payment thereof was made. We think so. It stands upon the same principle, really, as coupons upon bonds; and as these fall due they are recoverable with interest on them for delay.

There seem to be two lines of authority in our sister states, and many cases have been cited by counsel on each

side ; but we rest our judgment upon our own statute, and the case in 37th *Ga.*

Judgment affirmed.