SHANNON & COMPANY *vs.* FECHHEIMER, GOODKIND & COM-
PANY.

1. When a bill for injunction and receiver is not sufficiently verified by the affidavit thereto, it is right in the chancellor to allow it to be further verified. This may be done by the counsel, or by the creditors, each verifying his own claims on the debtor, demands for payment, etc. In a word, any person who knows may verify the facts of the bill.

2. Whilst in a creditor's bill under the act of 1881 (Code, §2159 (a) *et seq.*), the mere demand and refusal to pay alone do not sufficiently show insolvency, as ruled in 68 *Ga.*, 530, especially when it appears that the debtor has unincumbered property above complaining creditors' debts, yet in the case at bar the allegation is sufficient to show that insolvency. The allegation is that they " are insolvent, and that they owe divers other large sums to divers other persons and creditors, aggregating eighteen thousand dollars or other large sum; that they own no real estate; that a large amount of their indebtedness, in the shape of notes and drafts, has gone to protest, and that all of said indebtedness is long past due and unpaid."

(*a.*) The defendants being insolvent merchants and traders within the meaning of the act of 1881, and refusing to pay their debts on demand, the fact that they owe some creditors on claims not due does not defeat the bill brought by the creditors generally. Want of equity in the bill is not made apparent, and nothing wrong is specified in the filing, service, etc.

Judgment affirmed.

December 15, 1885, (Head-notes by the court.

JACKSON, Chief Justice.

[Fechheimer, Goodkind & Company and Guggenheimer & Steinhardt filed their bill, on behalf of themselves and other creditors, against E. G. Shannon & Company, and alleged, in brief, as follows: They are creditors of E. G. Shannon & Company, holding notes given by the defendants in settlement of accounts for merchandise amounting to $2,792.32, principal. The goods were purchased by the defendants while engaged in mercantile business at Rome, Georgia, " buying and selling goods, and in which said

business said defendant has continued since the debts were contracted." They are informed that E. G. Shannon is the sole partner, and does business under the firm name of E. G. Shannon & Company, and in that name he contracted the debts to the complainants. He " is a trader, and doing business as a merchant, and engaged in buying and selling goods in Rome, in said county and state, using in said business the firm name," etc. The notes are past due. Payment has been repeatedly demanded after maturity and refused. It is alleged that E. G. Shannon and E. G. Shannon & Company " are insolvent, and that they owe divers other large sums to divers other persons and creditors, aggregating eighteen thousand dollars or other large sum ; that they own no real estate ; that a large amount of their indebtedness, in the shape of notes and drafts, has gone to protest, and that all of said indebtedness has long been due and unpaid." The prayers were for injunction against disposing of the goods, for receiver, for subpœna and for general relief.

This bill was sworn to by R. A. Denny, Esq., one of the attorneys for the complainants, to the best of his knowledge, information and belief, on October 25, 1884. On the same day, the chancellor ordered the bill to be filed, granted a restraining order, except as to sales in the ordinary course of trade, required service to be made five days before the hearing, and set the hearing of the application for injunction at 9 A. M. of the succeeding Friday. The clerk's entry of filing, the subpœna and the sheriff's entry of service on E. G. Shannon all bear date October 25, 1884.

On October 27, an amendment was made, making other creditors parties, and Guggenheimer & Steinhardt alleged that the defendants would be due them, on November 4, $1,057.02 on a note, in addition to the amount set out in the original bill. It was prayed that a receiver be immediately appointed, and that he convert the assets into

money. This amendment also was sworn to by R. A. Denny, Esq., to the best of his knowledge, information and belief. On October 27, a temporary receiver was appointed. Various other creditors were made parties, including a firm holding a mortgage. The claim of the mortgage creditor was contested by the original complainants. It was alleged in the amendment made by them that the stock of goods had been placed by the court in the hands of a receiver, who had sold them for $2,978.14, which was not enough to pay the mortgage, and an order appointing a temporary receiver, dated October 27, and granted upon the making of an amendment to the bill, appears in the record, as also does the report of the receiver showing the sale of the goods.

On November 14, J. H. Reece, Esq., of counsel for the complainants, made an affidavit that E. G. Shannon was, and had been for two or three year's a trader, buying and selling clothing and other merchandise in Rome, Georgia, and that he was insolvent. On February 21, 1885, Sheflin, Baldwin, Tweedy & Company were made parties by amendment, and it was alleged that they were mortgage creditors; that the goods had been sold by the receiver; that the proceeds were not sufficient to pay their claim; and that they were entitled thereto. This claim was contested by the other creditors.

The defendants demurred to the bill on the following grounds:

(1.) That said bill and all amendments thereto are insufficient for want of equity, under the act of 28th of September, 1881, because said act defines who and what class of persons shall be considered traders thereunder, and nowhere considers merchants engaged in the business that defendant is as subject to the provisions of said act, nor does said act define a merchant engaged in the business that defendant is as a trader.

(2.) Because there is no equity in said bill, as amended,

to entitle the complainants to the relief sought under the act of September 28, 1881, and the said bill is wholly without equity.

(3.) Because the complainants have an adequate and complete remedy at law.

(4.) Because said bill, as amended, is not verified and sworn to as required by law.

(5.) Because the complainants, by their bill, as amended, do not show such circumstances and facts as to entitle them to the relief prayed for therein, under said act of 1881.

(5*a*.) Because some of the claims or notes set forth in said bill were not due and owing when said bill was sued out.

(6.) Because the complainants do not show by the charges in their bill, as amended, any fraud or imminent danger to creditors of defendant.

(7.) Because said bill was not filed and served as required by law.

On the hearing of the demurrer, the court held that the verification of the bill was insufficient, and that it must be dismissed; but upon his suggestion that the verification could be amended, R. A. Denny, Esq., made affidavit

"That the facts, as stated in the foregoing bill and amended bill, are true, and the notes therein set forth and described are past due, and payment of said notes has been properly and repeatedly demanded by your orators, by their attorneys, and by this deponent, of said E. G. Shannon and E. G. Shannon & Company after the maturity of said notes and payment thereof has been refused by said E. G. Shannon & Company."

[The court certified that such an affidavit as this was made at the original hearing of the case at chambers, but appeared to have been lost.] This was sworn to April 16, 1885 The court also allowed the bill to be amended by attaching thereto all the affidavits which had been filed, proving the several accounts, notes and claims of the complainants. The defendants excepted to this ruling, on the ground that the bill being filed under the act of 1881,

and an injunction having issued, and the property having been seized and placed in the hands of the receiver and sold, such amendments could not be made on the hearing of the demurrer.

The court overruled the demurrer, and the defendants excepted.]