Vipond vs. Townsend.

---

Vipond, Respondent, vs. Townsend, Appellant.

*September 7 — October 2, 1894.*

*Promissory notes: Stipulated attorney's fees, how recovered.*

Where a promissory note stipulates for the payment of attorney's fees
   if suit be instituted thereon, such fees may be recovered in the
   action on the note.

APPEAL from the Superior Court of *Douglas* County.
This suit is brought to recover on a note of which the
following is a copy:

"$10,000.00.        Butte City, Montana, Dec. 1st, 1891.

" One year after date, without grace, for value received,
I promise to pay to the order of *William C. Vipond* ten

thousand dollars, payable at the banking house of W. A. Clark & Brother, Butte City, Montana, with ten per cent. interest per annum from date until paid, both before and after judgment, *and ten per cent. attorney's fees* if suit be instituted on this note.   Value received.

"W. W. TOWNSEND."

Against the defendant's objection and exception the court below allowed the plaintiff to introduce evidence of the value of attorney's fees; and allowed the plaintiff judgment for the amount of the note and interest, and also the *sum of $445 attorney's fees*, besides the taxable costs and disbursements.   The defendant appeals from so much of said judgment as allows the sum of $445 for attorney's fees. The appellant contends that no part of the attorney's fees mentioned in the note was due before the commencement of the action.

The cause was submitted for the appellant on the brief of *Knowles, Dickinson, Buchanan, Graham & Wilson*, and for the respondent on that of *Thos. W. Shackleford*, attorney, and *Towne & Davis*, of counsel.

To the point that plaintiff is limited in his recovery to the debt or damages due at the time of suing the note, counsel for the appellant cited *Nickerson v. Babcock*, 29 Ill. 497; *Easter v. Boyd*, 79 id. 325.

To the point that attorney's fees can be recovered in the action on the note and not in a separate action, counsel for the respondent cited *Shugart v. Pattee*, 37 Iowa, 422; *Smiley v. Meir*, 47 Ind. 559; *Glenn v. Porter*, 72 id. 525.

NEWMAN, J.   It was not error to include the amount of the stipulated attorney's fee in the judgment.   The stipulation for the fee was a part of the contract on which the action was based.   It became due as soon as the action was commenced.   It was due at the time of the entry of judgment.   Its recovery was incidental to the recovery upon the principal cause of action.   This is analogous to the

uniform practice, from an early day, of including stipulated attorney's fees in foreclosure judgments. It has not been suspected that a separate action could be maintained for the recovery of such fees.

*By the Court.*— The judgment of the superior court of Douglas county is affirmed.