## Ray *v.* Pease.

1. Where the principal of a promissory note is payable at the end of a given term of years, but the note stipulates for the payment annually of the interest accruing thereon, any installment of interest past due, together with interest thereon, may be sued for and collected before the note, as to principal, has matured.

2. Where promissory notes, executed before the passage of the act of July 22, 1891 (Acts of 1890-1891, p. 221), and containing stipulations for the payment of "all cost of collection, including attorney's fees," were placed in the hands of an attorney at law for collection, who brought an action thereon in the name of the owner, the plaintiff was entitled to recover reasonable attorney's fees, although in his contract with the attorney it was agreed that the latter should receive no compensation for his services, other than what might be recovered from the defendant.

3. The maker of such promissory notes was liable for such reasonable attorney's fees as may have been incurred by the owner thereof in defending equitable petitions sued out by the maker to restrain their collection, it appearing that such petitions were without merit and resulted only in delaying the owner in the enforcement of his legal right to collect the notes.

4. The consideration of the notes sued upon being the purchase price of land held under a bond for titles from the seller, to which the latter as matter of law had a good legal title, that the defendant, erroneously conceiving there was a defect in that title, had instituted an equitable proceeding to have the question of title adjudicated and settled, and had brought that proceeding to this court, which rendered a decision holding that the title was good, gave the defendant in the action upon the notes no right to recoup against the plaintiffs in that action the expenses incurred by such defendant in the litigation growing out of the proceeding just mentioned.

December 21, 1895.

Complaint on notes.    Before Judge Westmoreland. City court of Atlanta.    March term, 1895.

*L. R. Ray, W. R. Hammond* and *Felder & Davis,* for plaintiff in error. *King & Anderson,* contra.

SIMMONS, Chief Justice.

1. Ray gave to Mrs. Pease and her trustees his promissory notes for the purchase money of land, due respectively, as to the principal, in one, two and three years, and each providing that interest thereon at the rate of eight per cent. per annum should be payable annually. After two of these notes had matured, the payees brought suit thereon, and also sued for the past due interest on another of the notes, the principal of which had not yet become due. It was contended on the part of the defendant in the court below, that the principal of the last mentioned note not being due and sued for, no recovery could be had for the interest thereon; and upon this ground the introduction of the note was objected to when it was offered in evidence for the purpose of proving the interest due thereon. The trial judge overruled the objection and admitted the note in evidence; and error is assigned upon this ruling. Error is also assigned upon the charge of the court, to the effect that a recovery could be had for such interest as might be shown to be due upon the note, together with interest on that at seven per cent. from the time it became due. The judge was clearly right in overruling the objection to this evidence, and in charging as he did. The maker of the note having expressly contracted therein to pay interest annually, the plaintiffs were entitled to recover it when due, whether the principal was due and sued for or not; and they were also entitled to recover interest upon the annual instalments of interest from the time they became due. *Scott* v. *Saffold,* 37 *Ga.* 384; *Calhoun* v. *Marshall,* 61 *Ga.* 275.

2. The notes above referred to were executed before the passage of the act of July 22, 1891 (Acts 1890–1891, p. 221), and contained stipulations for the payment of "all

cost of collection, including attorney's fees." It appears
that the attorneys who represented the plaintiffs in suing
upon the notes had an agreement with the plaintiffs that
they would look for their compensation to such fees as
might be recovered in the suit, and would not make any
further charge for their services.   It was contended on the
part of the defendant, that the plaintiffs not having in-
curred any expense for attorney's fees, no recovery for such
fees could be had against the defendant; and the court was
requested to charge the jury to that effect.   The court re-
fused to charge as requested, but, on the contrary, charged
that under the contract in the notes, the plaintiffs were
entitled to recover reasonable attorney's fees; and this is
assigned as error.

There was clearly no error in refusing to charge as re-
quested, nor in charging as the court did on this subject.
If the plaintiffs did not have to pay attorney's fees, it was
simply because the defendant had contracted to pay them
himself, and because the plaintiffs had agreed that the
attorneys should take the fruits of this contract.   Certainly
the defendant could not escape liability on such a contract
upon the ground that the plaintiffs were not themselves
liable for such fees, when the contract itself and the benefit
the attorneys were to take under it constituted the consid-
eration for their agreeing to relieve the plaintiffs from this
expense.   To hold that this arrangement with the attorneys
precluded a recovery of their fees would be to deprive the
plaintiffs and their attorneys of the benefit of the defend-
ant's contract because it had been used to effect the very
object which it was intended to effect, which was to relieve
the plaintiffs from this expense by placing it upon the de-
fendant.

3. After suit was brought upon the notes, the defendant
filed a petition to enjoin the suit, upon the ground that he
had ascertained after the notes were executed that the
plaintiffs could not make him a marketable title to the land

for the purchase money of which the notes had been given. The court refused an injunction, and this judgment was excepted to and the case brought to this court, where the judgment was affirmed. (95 *Ga.* 153.) On the trial of the present case it was insisted on the part of the plaintiffs that the services of their attorneys in resistance to the petition for injunction should be taken into consideration by the jury in fixing the amount to be allowed them for fees; and the court, over the objection of the defendant, allowed evidence to go to the jury as to what would be reasonable fees for such service, together with the service rendered by them in the case on trial. It will be remembered that the stipulation for attorney's fees does not fix the amount of the fees. This being so, the plaintiffs were entitled to recover such an amount as would be reasonable for the services rendered. In order to collect the notes it was necessary not only to bring the present suit, but to·resist the attempt of the defendant to enjoin the suit; and the services rendered by the plaintiffs' attorneys in the injunction case were therefore properly allowed to be considered by the jury in determining the amount of fees which the plaintiffs were entitled to recover, especially when it appeared from the decision of this court that the petitions sued out by the defendant to restrain the collection of the notes were without merit and resulted only in delaying the plaintiffs in the enforcement of their legal right to collect the notes.

4. The defendant filed a plea in which he sought to recoup against the plaintiffs the expenses incurred by him in the equitable proceeding above referred to. The court did not err in striking this plea. When that case was before this court we held that the contention that the title of the plaintiffs was defective was without merit, and that the court below was right in refusing to enjoin the action upon the notes. This being so, it would be manifestly improper to require the plaintiffs to pay the expenses which the defendant incurred in that case.　　　*Judgment affirmed.*