## JULIA C. DAVIS *v.* ROBERT F. COCHRAN.

1. CONTRACTS.  *Construction.*

   In the absence of ambiguity no exposition of a contract should be made which is opposed to its express words.

2. PROMISSORY NOTES.  *Attorney's fees for collecting.*

   Where suit is brought on a promissory note containing a provision for the payment of a fee by the maker if the note be collected by an attorney, and pending same the plaintiff accept a new note payable at a future day for the sum demanded, less the attorney's fee, he cannot recover the attorney's fees in the suit, even though it be agreed by the parties when the new note was given that the question of liability therefor should be tried in that suit.

FROM the circuit court of Lauderdale county.

HON. GREEN B. HUDDLESTON, Judge.

Appellant, Julia C. Davis, was the plaintiff in the court below; appellee, Robert F. Cochran, was defendant there. The facts are fully stated in the opinion of the court.

*F. V. Brahan*, for appellant.

The case of *Brahan* v. *Bank*, 72 Miss., 266, is conclusive of this case.

*A. S. Bozeman*, for appellee.

1. The suit is founded upon that clause of the promissory note which provides that "if not paid at maturity, and if collected by an attorney, we agree to pay ten per cent. commissions for such collections." The record shows that no collection was made, the note being renewed as per the original agreement of the parties. The note was not placed in the hands of Brahan, the attorney of appellant, "for collection," but was placed in his hands because of the fact that he was trustee in the deed in

trust, given to secure the note, by mutual agreement of the parties, and for the purpose of looking after the formality of renewing the note and deed in trust, which had already been agreed upon by Davis and Cochran.

2. Brahan undertook the services in question as a gratuity, and upon the express agreement that he was to charge no fee.

TERRAL, J., delivered the opinion of the court.

On the tenth day of May, 1890, R. F. Cochran and M. H. Driver executed their promissory note by which they promised twelve months after the date thereof to pay to Mrs. J. C. Davis $700 with 10 per cent., and stipulated in the face of the note as follows: "If not paid at maturity, and if collected by an attorney, we agree to pay 10 per cent. commission for such collection." They secured the payment of said note by a deed of trust on lands in Lauderdale county, with power to sell the property conveyed to the trustee on ten days' notice of the time and place of sale. By accident the note was about to become barred by the statute of limitations, when the trustee, who was also an attorney at law, on the fifth day of May, 1897, brought suit on said note in the circuit court. On the twelfth of May Cochran (Driver having died) executed to Mrs. Davis a new note in lieu of the one sued on, and it was agreed between Mrs. Davis and Cochran that the suit on the note sued on should not be dismissed, but that the same should stand for trial in order to determine the question of plaintiff's right to recover attorney's fees. At the July term of the court the case was submitted to the jury, upon the facts above recited, and the court, by a peremptory instruction, gave a verdict and judgment for the defendant. The plaintiff appeals and assigns the action of the court for error.

It is an elementary principle in the interpretation of contracts that, "in the absence of ambiguity, no exposition shall be made which is opposed to the expressed words of the instrument." Broome's Max., 618; 1 Kent's Com., 462.

The defendant agreed to pay commissions for the collection of the note. The taking of a new note payable at a future day was not a collection of the note in fact or otherwise. The strict, plain meaning of "collection" would be satisfied only by a payment in money or in money's worth. We think the court ruled correctly, and the judgment is

*Affirmed.*

*Alexander & Alexander*, for appellant, after the delivery of the foregoing opinion, filed an elaborate suggestion of errors. They said:

We admit, of course, that the strict, literal construction of the clause as to attorney's fees would confine the right to those cases where the money "had been collected by an attorney," but the clause must be construed with reference to the promise, of which it is a part, and with reference to the obvious intent which must, in such cases, be in the minds of both maker and payee. The logical conclusion of the view announced by the court is that, in all cases where a note provides for an attorney's fee "for collection," or, "if collected by an attorney," the collection, and collection by an attorney, is a prerequisite to a recovery of judgment for the fee, and this conducts to the further necessary conclusion that a judgment in a suit on the note cannot include a judgment for the attorney's fee, because there has been no collection—the condition precedent has not been fulfilled. To state it otherwise, here is the condition that confronts the creditor having such a note: The note is unpaid; suit is necessary; an attorney must be employed, and, of course, liability for a fee at once accrues; the debtor has made it a part of his promise that the liability shall be his—he has made the promise to pay the fee a part of his promise to pay the note. Suit cannot be brought in the circuit court for the note and in the justice court for the fee, for the promises are not divisible, and, if the court be right,

because action for the fee has not accrued. Therefore, the creditor must bring his own suit, and pay his own lawyer (a thing the debtor contracted to do), and then, after the money is collected, he must bring a separate action for the fee which he has paid. It will be readily seen that this view makes it impossible ever to get a judgment on such a note for the fee, where the object of the suit is merely to reduce the note to judgment against an insolvent, or where, after judgment is secured, the debtor proves insolvent. All these questions have received careful consideration in the courts of other states.

The court will find the following cases exactly in point: *North Atchison Bank* v. *Gay*, 114 Mo., 203; *Shugart* v. *Pattee*, 37 Iowa, 422; *Smiley* v. *Meir*, 47 Ind., 559. And the case of *Vipond* v. *Townsend*, 88 Wis., 285, is in the reasoning and conclusion directly applicable.

The Indiana and Wisconsin cases even go so far as to hold that a separate suit for the fee is not allowed. It will be seen by consulting the Encyclopœdia of Law, under the head of "Bills and Notes," that Illinois is the only state that holds that collection is a condition prerequisite to judgment for the fee. The fee is treated as liquidated damages, recovery for which is to be in the same action.

In *Ray* v. *Pease*, 97 Ga., 618, plaintiff was held entitled to recover for the fee in a suit on the note, although it was proved that his contract with the client was that he should look alone to the debtor for the fee, and the reasoning of this case is unanswerable. It will be seen that the cases do not make any distinction between clauses based on the particular language used. Some of them promise to pay a reasonable fee "for collection," others a fee if collected by suit, others a fee if sued on by an attorney. The rule of law and practice applicable to all of them is, and ought to be, the same. In *Eyrich* v. *Bank*, our leading case on this point, the clause provided for an attorney's fee, "for collection, if not paid when due." Of course, there can be no substantial difference between such a provision and the

one in this case; in both a strict construction would make recovery conditional upon collection, but in *Eyrich* v. *Bank* the chancery court, in the suit on the note, fixed and included in the decree the amount of the fee, and this, of course, was prior to "collection."

We do not think the right to a judgment for some amount, in this case, should be denied, because, after suit was brought, and after defendant's liability for a fee had accrued, the debtor and creditor settled for the principal sum. This was with the express understanding that it should not affect the liability for the fee, and the suit was continued for a decision on that point, and for judgment, if the liability had been incurred. Such a construction applies to cases where a judgment against an insolvent including a reasonable attorney's fee would operate to make that much of the judgment conditional on a complete recovery in money of the rest of the judgment. We submit that the construction adopted by the court will largely destroy the efficacy of such provision.

TERRAL, J., delivered the following response to suggestion of error:

The cases cited upon suggestion of error do not, in our apprehension, affect the question in this case. This court, in several cases, following the doctrine of some of the cases cited, has approved the rendition of a judgment for the attorney's fees along with the judgment for the debt to be collected; here, however, the question is, can a party, under a stipulation in a note to pay an attorney's fee "for collection," dismiss his suit brought for its collection, and yet take a judgment for an attorney's fee for the collection of the note?

We do not decide that an attorney cannot collect of his client a fee for his services in taking the renewal of a note or for other service connected therewith; but we hold that the payee of a note is not entitled to an attorney's fee from the maker of the note for its collection, only when the maker has con-

tracted to pay such fee, and then only upon the terms of the contract.

Mrs. Davis is, doubtless, owing her attorney a fee for his services in renewing the note and trust deed and other services incident thereto, but she cannot collect such fees of Cochran because Cochran has not promised to pay them. Cochran stands upon the letter of his contract, viz., to pay an attorney's fee for the collection of the note by an attorney. We think it manifest that a novation of the debt is not a collection of it. A collection of the note is a taking of payment thereof in money or in money's worth.

*The suggestion of error is overruled.*