21041.  ASHFORD v. TRAYLOR, executor.

JENKINS, P. J.  1. The rule of law permitting interest on past-due interest on a note which called for the payment of the principal at a fixed time, and the payment of interest at fixed times during the period that the principal is to run (*Union Savings Bank* v. *Dottenheim*, 107 *Ga.* 606, 614, 34 S. E. 217; *Ray* v. *Pease*, 97 *Ga.* 618, 25 S. E. 360; *Scott* v. *Liddell*, 98 *Ga.* 24, 29, 25 S. E. 935; *Hadden* v. *Larned*, 87 *Ga.* 634, 642, 13 S. E. 806; *Butler* v. *First National Bank*, 13 *Ga. App.* 35 (5), 78 S. E. 772), does not, in the absence of some express provision to the contrary, have application after the maturity of the principal obligation.  See, in this connection, *Wofford* v. *Wyly*, 72 *Ga.* 863 (3, 4).  The headnote in *Calhoun* v. *Marshall*, 61 *Ga.* 275 (34 Am. R. 99), is not authority to the contrary, since it sought merely to summarize the doctrine elaborated in the opinion, that the payee of a note may, pending the maturity of the principal, sue for and collect interest in default with interest thereon.

2. Under the facts of this particular case, however, where the note was payable only ninety days after date, but nevertheless contained a stipulation that it should continue to bear interest from date, payable semi-annually, at the rate of eight per cent. per annum, *until paid*, there is manifested an expressed intent to vary the general rule that accrued interest should not bear interest after the maturity of the principal obligation.  Accordingly, the court erred in refusing to allow a recovery of interest on each liquidated demand represented by an installment of accrued interest which had accrued ·after the maturity of the note but prior to the tender of the principal, and the judge of the superior court erred in overruling the certiorari.

*Judgment reversed.  Stephens and Bell, JJ., concur.*

DECIDED JUNE 15, 1931.  REHEARING DENIED JULY 7, 1931.

*A. C. Corbett,* for plaintiff.    *A. L. Richards,* for defendant.