MAY REALTY COMPANY *et al. v.* FORSDICK *et al.*

GILBERT, J. The court was authorized to find that some part or all of the two loans was due and unpaid; that the property had depreciated in value since the loans were made, and was not worth the amount of the loan; that the taxes and insurance premiums were not paid; that Massell Holding Company was in possession, collecting the rents, but not protecting the property by paying taxes, insurance, and repairs. The loan deed on the property executed by Fugitt to Forsdick provided that if the debt should not be paid when due, or by reason of default, the latter might enter upon and take possession of said premises and collect the rents and profits. *Held:*

1. In these circumstances the court did not err in appointing a receiver to take possession and to collect rents.

2. This is true in virtue of the contract with reference to surrender of possession to the creditor and the collection of rents by the latter, notwithstanding some of the defendants are not insolvent, which, according to the general rule, might require a different judgment.

*Judgment affirmed. Russell, C. J., Beck, P. J., and Atkinson and Hill, JJ., concur.*

No. 8939. JUNE 17, 1932.

*J. K. Jordan,* for plaintiffs in error.
*Augustine Sams, Pearce Matthews,* and *R. A. Edmondson Jr.,*
contra.