BYRD *et al. v.* PRUDENTIAL INSURANCE COMPANY.

No. 11790. DECEMBER 3, 1937. REHEARING DENIED DECEMBER 14, 1937.

*Robert B. Blackburn,* for plaintiffs in error.

*Alex. M. Hitz* and *Alston, Alston, Foster & Moise,* contra.

PER CURIAM. This is the second appearance of this case in this court. In *Byrd* v. *Prudential Insurance Co.,* 182 *Ga.* 800 (187 S. E. 1), this court reversed the judgment of the judge of the superior court appointing an interlocutory receiver, and held (a) that the equitable amendment seeking the appointment of a receiver was not verified as required by law; (b) that the judge erred in admitting this amendment in evidence on the hearing; (c) that the evidence of the defendants, uncontradicted by the evidence for the plaintiff, demanded a finding in favor of the defendants. Before the judgment of the Supreme Court was made the judgment of the

trial court, the plaintiff offered an amendment to its original petition and the first equitable amendment, which amendment was properly verified, and the affidavit thereto attached purported to verify also the original petition and the first amendment. In the first paragraph, numbered 20, of the latter amendment, the plaintiff "prays leave to file this equitable amendment to its original petition, the first amendment thereto, . . and further prays that the verification to this amendment be allowed to cover and include its original petition and first amendment heretofore filed;" also plaintiff "renews and makes oath to all allegations made in its original petition and amendment thereto, and shows to the court that the facts alleged therein remain unchanged at this date, except as otherwise alleged herein, and that the grounds for invoking equitable relief have in no way become less imperative;" also that theretofore a receiver had been appointed, and that the judgment appointing such receiver had been reversed, and that "the decision of the Supreme Court was based entirely upon a techincal defect in the verification of the petition, and did not pass on the merits of the petition." In this amendment it was also alleged, in substance, that during the period of the receivership the net income from the property involved was less than the fixed charges of interest and taxes; that when the plaintiff's first amendment was filed on July 15, 1935, the total debt due by defendants to plaintiff was $126,945.47; that as of August 1, 1936, said debt had increased to $127,812.90; and that the note sued on matured in due course on June 1, 1936. By order of the judge a copy of the amendment was served on Mr. Robert B. Blackburn as attorney of record for the defendants. Mr. Blackburn filed a traverse of this service, alleging that he had never appeared as counsel for Mrs. Cora M. Byrd as executrix of the will of Charles P. Byrd, in the proceeding in the superior court.

To the allowance of this amendment the defendant pleaded the judgment of the Supreme Court in 182 *Ga.,* as res judicata of the subject-matter of the amendment. She also filed a plea to the jurisdiction of the superior court to consider this amendment, alleging that until the judgment of the Supreme Court had been made the judgment of the trial court the latter tribunal was without jurisdiction of the case. She also filed a demurrer to the amendment, alleging that paragraph 20 thereof "is too vague and indefi-

nite to put this defendant on notice of just what facts are intended to be verified; this defendant contending further that as a matter. of law papers and pleadings not fully set forth can not be verified, and that verification can not by any rule of law be made retroactive;" that "it affirmatively appeared from the amended petition that there had been a former trial on the original petition as amended and final judgment rendered, [and] that the subject-matter and the parties were the same;" that the facts set forth in the amendment were insufficient to authorize a renewal of the application for the appointment of a receiver; that the allegation in the amendment that the debt had matured after the filing of the petition was inserting a new cause of action; and that the allegations of fact as set forth in said amendment, occurring after the filing of the original petition as amended, were not subject-matter of amendment. The defendant also filed an answer denying generally the right of the plaintiff to have a receiver appointed. The plaintiff filed a demurrer to this answer. The court, without ruling on any of the pleadings, heard evidence on behalf of both parties. The plaintiff introduced its petition and the two amendments. The defendant moved to exclude from consideration of the court the original petition and the first amendment, as not germane to any subject-matter or any fact occurring after the final judgment and decree "as entered by the Supreme Court and as brought to the attention of the court by the several judgments of the Supreme Court and superior court." The defendant also moved to exclude the evidence given for the plaintiff by affidavits of the witnesses Cauble and Miller, on the ground that the facts as testified to by these witnesses "related to subject-matter that was known to these gentlemen at the time at which the original issues involved and attempted to be incorporated in the affidavits of witnesses were known to the plaintiff, and was concerning the same subject-matter as embraced in the trial of the case when originally determined, as reversed by the Supreme Court of Georgia in a former trial of the case at bar." The court struck the pleas of res judicata and of lack of jurisdiction, and the traverse of service, overruled the demurrer to the amendment, sustained the demurrer to certain parts of the defendant's answer to the amendment, and appointed a receiver. The defendant excepted, assigning error on the judgment and on each of the rulings stated above.

■ In *Byrd* v. *Prudential Insurance Co.,* 182 *Ga.* 800 (supra), it was held that the petition was not so positively verified as to be admissible as evidence on the interlocutory hearing, over appropriate objection. On the next trial on interlocutory hearing, the plaintiff offered an amendment adding to the petition and a previous amendment positive verification. The court did not err in allowing this amendment. Code, § 81-1301; *Shannon* v. *Fechheimer,* 76 *Ga.* 86; *Alspaugh* v. *Adams,* 80 *Ga.* 345 (5 S. E. 496); *Martin* v. *Burgwyn,* 88 *Ga.* 78 (13 S. E. 958); *Rice* v. *Dodd,* 94 *Ga.* 414 (20 S. E. 339).

■ After the foregoing decision was rendered and after the remittitur was filed in the court below, reversing the judgment of that court for reasons stated in the decision, the plaintiff offered an amendment to its petition, containing, among other things, the new verification as indicated above, and alleging that since the previous hearing the principal debt had matured regardless of the accelerating clause, that the debt had increased by reason of accrual of taxes and interest which the defendants were obligated to pay; that the value of the property had so depreciated that it was not worth more than fifty-five per cent. of the debt; that the income from rentals was not sufficient to cover the accruals of interest and taxes; and that the defendants were insolvent; and renewing the application for appointment of a receiver.

(*a*) The court did not err in striking a plea of res judicata as to this amendment, by one of the defendants, hereinafter called the defendant, based on the ground that the former decision constituted an adjudication that the plaintiff was not entitled to the appointment of a receiver. *Collins* v. *Carr,* 116 *Ga.* 39 (42 S. E. 373); *Bass Dry Goods Co.* v. *Granite City Mfg. Co.,* 116 *Ga.* 176 (42 S. E. 415); *Austin* v. *Central of Ga. Ry. Co.,* 3 *Ga. App.* 775 (61 S. E. 998).

(*b*) The court did not err in striking the defendant's plea to the jurisdiction, asserting, that, the case having been carried to the Supreme Court after the former hearing as indicated above, the trial court had no further jurisdiction until the remittitur from the Supreme Court was made the judgment of the trial court; it appearing from the record that the remittitur from the Supreme Court had been filed in the office of the clerk of the trial court at the time of the filing of the plea to the jurisdiction. *Bartlett* v.

*Taylor,* 147 *Ga.* 85 (92 S. E. 940); *Jackson* v. *Security Insurance Co.,* 177 *Ga.* 631 (170 S. E. 787).

(*c*) The court did not err in striking a so-called traverse of service of such amendment, wherein the attorney of record for the original defendants denied that he was attorney for the executrix of one of such defendants since deceased, and challenged, upon this ground, the propriety of an order directing that the amendment be served on such attorney as counsel for the defendants. Treating the traverse as containing a correct statement of fact, service of the amendment was really unnecessary, and any lack of service did not affect the judgment allowing the amendment. *Heflinger* v. *Heflinger,* 161 *Ga.* 867 (132 S. E. 85); *Miller* v. *Georgia Railroad Bank,* 120 *Ga.* 17 (2) (47 S. E. 525).

(*d*) This being an equity case, there is no merit in the defendant's demurrer to such amendment, so far as based on the ground that the allegation that the debt had matured since the filing of the original petition added a new cause of action, and that the allegations as to facts occurring subsequently to the filing of the original petition were not the subject-matter of amendment. *Becker* v. *Donalson,* 133 *Ga.* 864 (7) (67 S. E. 92); *Wimberly* v. *Ross,* 152 *Ga.* 258 (109 S. E. 500); *Hogan* v. *Cowart,* 182 *Ga.* 145 (7) (184 S. E. 884). The other grounds of the demurrer are controlled adversely to the demurrant by the rulings stated above.

■ In view of the positive verification added by amendment, the court did not err in overruling the defendant's motion to exclude from evidence the original petition and the first amendment, on the grounds urged.

■ The court did not err in admitting in evidence the affidavits of two witnesses for the plaintiff, over objection that the facts stated in these affidavits were necessarily within the knowledge of "these gentlemen," at the time of the former hearing, and that the former decision therefore concluded the right of the plaintiff to introduce such evidence upon a subsequent hearing. The rule as to conclusiveness of judgments, as stated in the Code, § 110-501, has no application to the facts thus stated.

■ The effect of the former decision was merely to reverse the judgment appointing a receiver and to remand the case for a new hearing. Under the pleadings and the evidence the judge did not, on the second hearing, abuse his discretion in appointing a re-

ceiver. See *Planters Oil-Mill* v. *Carter,* 140 *Ga.* 808 (79 S. E. 1120); *May Realty Co.* v. *Forsdick,* 175 *Ga.* 64 (164 S. E. 761). The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed.* *All the Justices concur, except Russell, C. J., who dissents.*