## BYRD *et al. v.* PRUDENTIAL INSURANCE COMPANY.

No. 11994. FEBRUARY 18, 1938. REHEARING DENIED MARCH 16, 1938.

*Robert B. Blackburn,* for plaintiffs in error.

*A. M. Hitz* and *Alston, Alston, Foster & Moise,* contra.

JENKINS, Justice. 1. On this the third appearance before the Supreme Court of this suit by the grantee in a security deed, for a general and special judgment against the grantor debtors, and for a receiver (*Byrd* v. *Prudential Ins. Co.,* 182 *Ga.* 800, 187 S. E. 1; Id., 185 *Ga.* 310, 195 S. E. 403), error is assigned by a defendant on a judgment refusing a new trial after the direction of a verdict for the principal, interest, and attorney's fees, and on exceptions pendente lite to the overruling of a demurrer to an amendment of the petition, to the striking of a plea of res judicata, and to the striking of a traverse of service. All of the questions raised by the exceptions pendente lite are concluded, adversely to the defendant, by the rulings made in the last decision of this court.

2. Upon the defense that under the Code, § 20-116, and under the first decision in this case, supra, there was a novation or departure from the terms of the loan-extension contract without reasonable notice to the defendant debtors as to the plaintiff's intention to rely on the exact terms of the contract, the court did not err in directing the verdict for the plaintiff. Such defense be-

came immaterial after the former decisions, and it is unnecessary now to determine whether there was sufficient evidence to raise an issue thereon under the new documentary evidence consisting of letters from the plaintiff to the defendants before the suit, notifying them of an intention to proceed under the.contract, and of a letter from the defendant to the plaintiff, before the suit, in effect recognizing such a legal right to proceed; since, after the filing of this equity suit, the entire principal of the loan obligation has matured, an amendment setting up this fact was allowed after the first decision of this court, and such amendment was in the last decision of this court held proper; and also since, under the defendant's testimony and the other uncontradicted evidence, the alleged novation or departure contemplated only that the defendants have time to "refinance or do something to take care of arrearages," and was made without reference to the future maturity of the entire principal according to the original contract, and payment has not been made or tendered, although two years elapsed after such alleged novation or departure and the filing of the suit before the final decree, and more than a year elapsed after the maturity of the entire principal before such decree.

3. For similar reasons, a verdict was demanded in favor of the plaintiff upon the defense that under the terms of the written renewal contract, and the alleged oral novation or departure, the plaintiff was not entitled to accelerate the maturity of the entire debt and sue and recover therefor because of partial defaults.

4. The rule in the Code, § 38-314, under which "the testimony of a witness, since deceased, or disqualified, or inaccessible for any cause, given under oath on a former trial, upon substantially the same issue, and between substantially the same parties, may be proved by any one who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies," "does not authorize the admission in evidence on the final trial of the case of an ex parte affidavit made by a witness since deceased, for use on the hearing of an application for interlocutory [relief] in the same case." *Fender* v. *Ramsey*, 131 *Ga.* 440 (62 S. E. 527); *Faircloth* v. *Taylor*, 147 *Ga.* 787 (5) (95 S. E. 689); *Coggeshall* v. *Park*, 162 *Ga.* 78 (7-b) (132 S. E. 632). Therefore the court did not err in refusing, at the final trial, to admit in evidence the ex parte affidavit of the de-

ceased defendant, used in a previous interlocutory hearing on the grant of a receiver.

5. The law of this State "does not favor interest on interest, except in special cases of fiduciary trusts and the like." *Wofford* v. *Wyly,* 72 *Ga.* 863 (3). In some jurisdictions, while it is recognized that after interest has accrued it is competent for the parties to contract so as to add such accrued interest to the principal of a new obligation, it is there held that in the absence of any statute expressly providing for the compounding of interest, or the payment of interest upon overdue and unpaid installments of interest, it is not competent for the parties to so contract before the interest has accrued. 33 C. J. 193, § 38, and cit. In this State, however, it has been recognized since the early decisions that a contract which calls for the payment of the principal at a certain fixed time and periodical installments of interest at certain fixed times during the period in which the principal is to run is a valid transaction; and that a failure to pay such an installment of interest as it matures renders the defaulted installment a liquidated demand, which itself, as a matter of law, bears interest at the statutory rate. *Calhoun* v. *Marshall,* 61 *Ga.* 275 (34 Am. R. 99) ; *Tillman* v. *Morton,* 65 *Ga.* 386 (2-*a*) ; *Ray* v. *Pease,* 97 *Ga.* 618 (25 S. E. 360) ; *Union Savings Bank* v. *Dottenheim,* 107 *Ga.* 606, 614 (34 S. E .217). The holding by the Court of Appeals in *Ashford* v. *Traylor,* 43 *Ga. App.* 507 (159 S. E. 777), that, in the absence of a contrary agreement, this rule would not have application where the interest installments mature after the principal itself has fallen due, would not render invalid a contract which, as in this case, expressly provides in advance for interest within the legal rate on defaulted interest installments maturing before the maturity date of the principal. *Pendergrass* v. *N. Y. Life Ins. Co.,* 163 *Ga.* 671, 677 (137 S. E. 36) ; *Merck* v. *American Freehold Land Mortgage Co.,* 79 *Ga.* 213 (3), 214 (7 S. E. 265). Accordingly, there is no merit in the contentions of the defendant debtor that the reservation in the contract of lawful interest on lawful interest installments, and the inclusion in the plaintiff's recovery of the interest on such installments accruing before the maturity of the principal obligation, were usurious and illegal.

6. The court did not err in refusing a new trial on all of the grounds of the motion.

*Judgment affirmed. All the Justices concur, except*

Russell, Chief Justice, dissenting. Having dissented in the decision of the case of *Byrd* v. *Prudential Insurance Co.,* 185 *Ga.* 310 (supra), I naturally can not agree to the judgment in the present case sustaining that decision.