## STEELE *v.* CITY OF WAYCROSS *et al.*

No. 12415. NOVEMBER 25, 1938. REHEARING DENIED DECEMBER 8, 1938.

384

*Herbert W. Wilson* and *Harry M. Wilson,* for plaintiff in error.
*Q. L. Garrett* and *F. B. McDonald Jr.,* contra.
*E. Kontz Bennett* as amicus curiæ.

ATKINSON, Presiding Justice. By section 7 of the act of Au-

gust 4, 1925 (Ga. L. 1925, pp. 1557, 1563), amending the charter of the City of Waycross, and providing for assessments for street paving in pursuance of ordinances to be enacted by the city commission, it is declared: "Assessments in conformity to said appraisement and apportionment as confirmed by said City Commission shall be payable in ten equal installments, and shall bear interest at the rate of seven (7) per cent per annum until paid, payable, in each year at such time as the several installments of the assessments are made payable each year." By section 8 it is declared: "The first installment of said assessments, together with interest to date upon the whole, shall be due and payable on [a date to be specified] next succeeding the passage of said ordinance, and one installment with the yearly interest upon the amounts remaining unpaid shall be payable on [such specified date] in each succeeding year until all shall be paid. . . Said ordinance shall also provide that the owners of the property so assessed shall have the privilege of paying the amounts of their respective assessments within thirty days from the date of the passage of said ordinance. The owners of property so assessed shall be allowed to make payment of their respective assessments without interest within said period of thirty days to the treasurer of the City of Waycross, and relieve their property from the lien of said assessment."

■ "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, from the time of the demand. In case of promissory notes payable on demand, the law presumes a demand instantly and gives interest from date." Code, § 57-110. On application of the law as quoted, where interest had become due and payable on installments of paving assessments made under the act of August 4, 1925, supra, such accrued and matured interest was a liquidated demand, and itself bore interest from its maturity at seven per cent. per annum. *Scott* v. *Saffold,* 37 *Ga.* 384; *Calhoun* v. *Marshall,* 61 *Ga.* 275 (34 Am. R. 99); *Ray* v. *Pease,* 97 *Ga.* 618 (25 S. E. 360).

■ The existing general law (Code, § 92-7601) imposes interest on *executions* for *taxes* and *assessments,* not discriminating between them. It has been held that a delinquent taxpayer could pay the tax before execution was issued, in which event he could not be

charged with interest. *Georgia Railroad & Banking Co.* v. *Wright,* 125 *Ga.* 589 (21) (54 S. E. 52). On principle the ruling should apply as to interest on assessments referred to in the Code. However, the special law in question (Waycross street-improvement act, Ga. L. 1925, pp. 1557, 1563) differs from the general law in that it imposes interest directly on the assessment when it is not paid within thirty days from the assessment. This was a practical provision for making the local improvement that did not permit escape from interest by voluntary payment of principal after delinquency before issue of execution. In the circumstances the special law differs from the general law, and is not void as violative of article 1, section 4, paragraph 1, of the constitution (Code, § 2-401), which inhibits the passage of a special law for which provision has been made by an existing general law.

■ Under the foregoing rulings the amount alleged in the affidavit of illegality to have been tendered to the city as the lawful amount of principal and interest due under the assessment was insufficient as to the amount of interest collectible thereunder. The court did not err, for any reason urged, in dismissing the affidavit.

*Judgment affirmed. All the Justices concur.*