A92A1058. DEARING & DEARING ENTERPRISES, INC. et al. v. A. R. III, INC.
(422 SE2d 284)

CARLEY, Presiding Judge.

Appellee-plaintiff brought suit, seeking to recover the unpaid principal balance due on a promissory note, pre-judgment interest and attorney's fees. Appellant-defendants answered and counterclaimed, seeking to recover for fraud. The case was tried before a jury and a verdict in favor of appellee was returned on both the main action and the counterclaim. Appellants' motion for a new trial was denied, but the trial court, finding that the jury had miscalculated the amount of recoverable pre-judgment interest, ordered a write-off of a portion of the verdict as to that element of damages. The judgment was amended to reflect the partial write-off of pre-judgment interest and appellants appeal from that amended judgment.

1. Having found that the verdict as to pre-judgment interest was excessive, the trial court was not required to grant appellants' motion for new trial. A trial court is authorized to order a write-off as to that portion of a verdict which it finds to be illegal. See *Kimble v. Kimble*, 240 Ga. 100, 101 (2) (239 SE2d 676) (1977); *Plaza Pontiac v. Shaw*, 158 Ga. App. 799, 802 (6) (282 SE2d 383) (1981). Appellants contend, however, that the trial court erred in its recalculation of the amount of recoverable pre-judgment interest and that the partial write-off as

to that element of damages should actually be greater than that which was ordered by the trial court.

The promissory note provided for the payment of monthly installments of principal and interest based upon an annual rate of 10 percent interest and appellee sought to recover pre-judgment interest at that annual rate. It appears that the jury's award was based upon a 12 percent rather than 10 percent rate of interest and that the trial court recalculated the amount of recoverable pre-judgment interest based upon a compound, rather than simple, annual interest rate of 10 percent. In entering the judgment which had the effect of writing off unauthorized interest, the trial court did not err. "A transaction which calls for the payment of the principal at a certain time and payment of interest at certain fixed times during the period that the principal is to run is a valid transaction. The interest may be paid annually, semi-annually, quarterly, or monthly, or in even lesser periods, if the parties see fit so to contract; *and the failure to pay any interest which is past due under such stipulation would render such past due indebtedness a liquidated demand, which would itself bear interest.* [Cits.]" (Emphasis supplied.) *Union Savings Bank &c. Co. v. Dottenheim,* 107 Ga. 606, 614 (1) (34 SE 217) (1899). See also *Byrd v. Prudential Ins. Co.,* 185 Ga. 625, 627 (5) (196 SE 72) (1938); *Ashford v. Traylor,* 43 Ga. App. 507 (2) (159 SE 777) (1931).

2. The promissory note provided for attorney's fees of "fifteen percent (15%) of the principal *and interest. . . .*" (Emphasis supplied.) The jury's verdict for attorney's fees was based upon 15 percent of the principal and the *excessive* pre-judgment interest that it had awarded to appellee. Although the trial court correctly ordered a write-off of the excessive portion of the jury's award of pre-judgment interest, it did not recalculate the amount of recoverable attorney's fees based upon 15 percent of the principal and the *reduced* award of pre-judgment interest. Accordingly, the trial court is directed to do so, whereupon it will then order a write-off of that portion of the jury's award of attorney's fees which is excessive and enter an amended judgment to reflect that partial write-off of attorney's fees.

3. Appellant's remaining enumerations of error have been considered and none has been found to warrant reversal.

*Judgment affirmed with direction. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*Adele P. Grubbs, W. Allen Separk,* for appellants.
*Freisem, Swann & Malone, John A. Swann,* for appellee.