## S97A1292. LEMANS ASSOCIATES LIMITED PARTNERSHIP v. LEMANS APARTMENTS.
### (489 SE2d 831)

FLETCHER, Presiding Justice.

Lemans Associates Limited Partnership ("the partnership") purchased an apartment complex in Augusta from Lemans Apartments ("Lemans"). The partnership appeals from an order appointing a temporary receiver of the property. Because Lemans was authorized under its note and security agreement to seek a receiver and because the trial court did not abuse its discretion in appointing one, we affirm.

1. The partnership contends that Lemans was not authorized to seek a receiver. The note held by Lemans, however, specifically provides that it is to be paid from surplus cash generated by the property. Additionally, the security agreement provides that the parties' rights and obligations "shall be enforceable by specific performance, injunction, or other equitable remedy." Thus, under its note and security agreement Lemans was authorized to seek the equitable remedy of appointment of a receiver.[1]

2. OCGA § 9-8-3 permits the appointment of a receiver "to take possession of and hold . . . any assets charged with the payment of debts where there is manifest danger of loss, destruction, or material injury to those interested." There was evidence before the trial court that the promissory note secured by a first security deed on the apartment complex had not been paid in nine months; that during this time, the partnership made unauthorized distributions from the property; that substantial repairs to the property were required; and that there were insufficient funds to pay taxes and insurance. Under these circumstances we cannot say the trial court abused its discretion in finding manifest danger of material injury.[2]

3. The partnership contends that appointment of a receiver was

---

[1] See *May Realty Co. v. Forsdick,* 175 Ga. 64 (164 SE 761) (1932).

[2] *Kruzel v. Leeds Bldg. Products,* 266 Ga. 765, 766-767 (470 SE2d 882) (1996).

error in the absence of the federal Department of Housing and Urban Development, which guaranteed the note secured by the first security deed. Nothing in OCGA § 9-8-3 requires the joining of all creditors to an action seeking a receiver. Creditors have the right to intervene under OCGA §§ 9-8-5 and 9-8-6. Therefore, the trial court did not err in appointing a temporary receiver in the absence of HUD as a party.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*Warlick, Tritt & Stebbins, Charles C. Stebbins III,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Jeffrey W. Kelley, James M. Thomas, James F. Findlay,* for appellee.