## A99A0097. BRYANT v. KENERLY.
(518 SE2d 172)

ANDREWS, Judge.

Daniel B. Kenerly obtained a judgment against William T. Bryant in a suit to collect amounts due on promissory notes executed by Bryant. In *Kenerly v. Bryant*, 227 Ga. App. 746 (490 SE2d 454) (1997), we affirmed the judgment in favor of Kenerly as to the principal amounts due on nine notes, but reversed the portion of the judgment limiting the amount of interest due on the notes. On remand, the trial court recalculated the interest due on the nine notes. Bryant appeals from the trial court's judgment as to the interest due on seven of the nine notes.

At issue is whether the trial court properly calculated the amount of interest payable on unpaid interest in accordance with OCGA § 7-4-15, which provides as follows:

> All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, they shall bear interest from the time of the demand. In case of promissory notes payable on demand, the law presumes a demand instantly and gives interest from date.

Under this Code section, where a promissory note calls for payment of the principal at a fixed time, and for payment of interest on the principal at fixed times during the term of the note, the failure to pay the interest when due renders the past due interest a liquidated demand which would itself bear interest prior to judgment. *Calhoun v. Marshall*, 61 Ga. 275 (1878); *Union Sav. Bank &c. Co. v. Dottenheim*, 107 Ga. 606, 614 (34 SE 217) (1899); *Consulting Constr. Corp. v. Edwards*, 207 Ga. App. 296, 299 (427 SE2d 789) (1993). The rate of pre-judgment interest payable on the past due interest is determined by the note if it provides for the interest to be charged on past due interest, but if no such provision is made, then the applicable statutory rate of interest would control. *Wofford v. Wyly*, 72 Ga. 863, 870 (1884); *Merck v. American Freehold Land Mtg. Co. &c.*, 79 Ga. 213-214, 233 (7 SE 265) (1887); see OCGA §§ 7-4-2 (a); 7-4-16.[1] The award of interest on past due interest under OCGA § 7-4-15 is, however, subject to the limitation that, in the absence of a contrary agreement, no such interest on interest may be awarded where the interest installments mature after the principal itself has fallen due.

---

[1] The unpaid principal would, of course, continue to bear pre-judgment interest at the rate specified in the contract.

*Byrd v. Prudential Ins. Co.*, 185 Ga. 625, 627 (196 SE 72) (1938); *Wofford*, 72 Ga. at 870-871; *Ashford v. Traylor*, 43 Ga. App. 507 (159 SE 777) (1931).

Bryant does not contest the trial court's calculation of interest on the two unpaid notes dated February 28, 1973, both in the principal sum of $26,000 (plaintiff's Exhibits 11 and 12). As to the remaining seven unpaid notes, the following applies with respect to interest due under OCGA § 7-4-15:

Plaintiff's Exhibit 2 was a note dated February 28, 1969, in the principal sum of $2,746.25 payable in a single payment on a due date five years after the date of the note. The note provided for payment of interest on the principal after the date of the note at the rate of six percent per annum until paid. Under the terms of this note, pre-judgment interest accrued on the unpaid principal at the rate of six percent per year from the date of the note until judgment. Under OCGA § 7-4-15, the unpaid interest on the principal which accrued each year during the five-year term of the note bore pre-judgment interest at the statutory rate of seven percent per year set forth in OCGA § 7-4-2 (a). However, as to interest on the unpaid principal which matured after the due date for payment of the principal, no interest on such interest was chargeable under OCGA § 7-4-15.

Plaintiff's Exhibit 3 was a note dated February 28, 1969, in the principal sum of $8,829.95 payable in a single payment on a due date ten years after the date of the note. The note provided for payment of interest on the principal after the date of the note at the rate of six percent per annum until paid. Under the terms of this note, pre-judgment interest accrued on the unpaid principal at the rate of six percent per year from the date of the note until judgment. Under OCGA § 7-4-15, the unpaid interest on the principal which accrued each year during the ten-year term of the note bore pre-judgment interest at the statutory rate of seven percent per year set forth in OCGA § 7-4-2 (a). However, as to interest on the unpaid principal which matured after the due date for payment of the principal, no interest on such interest was chargeable under OCGA § 7-4-15.

Plaintiff's Exhibit 4 was a note dated January 15, 1970, in the principal sum of $2,131.15 payable in a single payment on a due date 15 years after the date of the note. The note provided for payment of interest on the principal after the due date at the rate of seven percent per annum until paid. Under the terms of this note, pre-judgment interest accrued on the unpaid principal at the rate of seven percent per year after the due date until judgment. Because all of the yearly interest on the principal matured after the principal became payable at the due date, no pre-judgment interest on such interest was chargeable under OCGA § 7-4-15.

Plaintiff's Exhibit 5 was a note dated February 3, 1971, in the

principal sum of $7,263 payable in five annual installments plus accrued interest beginning on February 3, 1972. The note provided for payment of interest from the date of the note on the unpaid principal balance at the rate of seven percent per annum until paid. It further provided that installments not paid when due bear interest at the rate of eight percent per annum from maturity. Under the terms of this note, a default occurred when the first installment was not paid, and the due date for payment of the entire principal was accelerated to February 3, 1972. Accordingly, pre-judgment interest accrued on the unpaid principal at the rate of seven percent per year during the first year after the date of the note until the default on February 3, 1972. After the default, pre-judgment interest accrued on the unpaid principal at the rate of eight percent per year until judgment. Under OCGA § 7-4-15, the unpaid interest on the principal which accrued during the first year after the date of the note until the default bore pre-judgment interest at the statutory rate of seven percent per year set forth in OCGA § 7-4-2 (a). The note also provided for payment of eight percent yearly interest on unpaid installments from maturity. Pursuant to this provision and OCGA § 7-4-15, unpaid yearly interest installments on the principal which accrued after the due date for payment of the principal bore pre-judgment interest at the rate of eight percent per year.

Plaintiff's Exhibit 6 was a note dated June 29, 1971, in the principal sum of $8,000 payable in various installments plus accrued interest beginning on June 29, 1972, with final payment due on June 29, 1981. The note provided for payment of interest from the date of the note on the unpaid principal balance at the rate of eight percent per annum until paid. It further provided that installments not paid when due bear interest at the rate of eight percent per annum from maturity. Under the terms of this note, a default occurred when the first installment was not paid, and the due date for payment of the entire principal was accelerated to June 29, 1972. Accordingly, pre-judgment interest accrued on the unpaid principal at the rate of eight percent per year during the first year after the date of the note until the default on June 29, 1972. After the default, pre-judgment interest continued to accrue on the unpaid principal at the rate of eight percent per year until judgment. Under OCGA § 7-4-15, the unpaid interest on the principal which accrued during the first year after the date of the note until the default bore pre-judgment interest at the statutory rate of seven percent per year set forth in OCGA § 7-4-2 (a). The note also provided for payment of eight percent yearly interest on unpaid installments from maturity. Pursuant to this provision and OCGA § 7-4-15, unpaid yearly interest installments on the principal which accrued after the due date for payment of the principal bore pre-judgment interest at the rate of eight percent per year.

Plaintiff's Exhibit 7 was a note dated June 29, 1971, in the principal sum of $9,000 payable in a single payment on a due date five years after the date of the note. The note provided for payment of interest on the principal after the due date at the rate of eight percent per annum until paid. Under the terms of this note, prejudgment interest accrued on the unpaid principal at the rate of eight percent per year after the due date until judgment. Because all of the yearly interest on the principal matured after the principal became payable at the due date, no pre-judgment interest on such interest was chargeable under OCGA § 7-4-15.

Plaintiff's Exhibit 8 was a note dated July 12, 1973, in the principal sum of $11,458.62 payable in a single payment on a due date five years after the date of the note. The note provided for payment of interest on the principal after the due date at the rate of seven percent per annum until paid. Under the terms of this note, prejudgment interest accrued on the unpaid principal at the rate of seven percent per year after the due date until judgment. Because all of the yearly interest on the principal matured after the principal became payable at the due date, no pre-judgment interest on such interest was chargeable under OCGA § 7-4-15.

The above analysis of interest due on the seven notes at issue shows that only the notes designated as plaintiff's Exhibits 5 and 6 contained provisions that would allow interest to be charged under OCGA § 7-4-15 on past due interest installments which matured after the principal itself had fallen due. *Byrd*, 185 Ga. at 627; *Wofford*, 72 Ga. at 870-871; *Ashford*, 43 Ga. App. at 507. It is undisputed that the trial court's calculations included such interest under OCGA § 7-4-15, not only on the notes designated as plaintiff's Exhibits 5 and 6, but on all seven notes. Accordingly, the interest due must be recalculated in accordance with this opinion.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MAY 19, 1999 — CERT. APPLIED FOR.

*Thompson & Sweeny, Virgil L. Thompson, Jr.*, for appellant.
*Graydon W. Florence, Jr.*, for appellee.